United States Court of Appeals

for the Fourth Circuit

---

No. 17-1866

---

BRIAN DAVID HILL

Plaintiff-Appellant

v.

Executive Office for United States Attorneys (EOUSA)

and United States Department of Justice (U.S. DOJ),

Defendants'-Appellees'

---

Appeal from the U.S. District Court

for the Western District of Virginia at Danville

The Honorable Robert S. Ballou, Magistrate Judge

4:17-cv-00027

---

INFORMAL BRIEF OF APPELLANT Brian D. Hill

---

Brian D. Hill ( Pro Se )
310 Forest Street, Apartment 2
Martinsville, VA 24112
Phone: (276) 790-3505

1

## CORPORATE DISCLOSURE STATEMENT

Pursuant TO Federal Rule of Appellate Procedure 26.1,

Plaintiff-Appellant hereby states that no corporation is involved

Concerning the Appellant of this case.


The Appellant is the sole person with interest in this case,

**Table of Contents**

CORPORATE DISCLOSURE STATEMENT .................................................2

TABLE OF AUTHORITIES ..............................................................5

JURISDICTION STATEMENT ..........................................................7

STATEMENT OF THE ISSUES.........................................................8

A)  Did the district court fail to address the primary intent of the motion or fail to view the pleading as two motions and thereby failed to address one motion?..........8

B)  Did the district court error when the motion for requesting a pretrial status conference was denied when the court gave explicit instructions in the "Pretrial Order" (JA 1, Doc #11)? Citing paragraph (2) of the order which stated that *"Parties shall submit a status report in the form of a letter, setting forth any pretrial matters which need to be taken up with the Court no later than 60 days prior to trial. A pretrial conference will be scheduled at the request of any party*."
    8

A)  Did the district court fail to ask the Plaintiff and/or even the Defendants' to review over the discovery request letter cited from within the "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #29) before the district court under Judge Ballou made the decision to grant the Defendants'-Appellees' motion? ............................................................10

B)  Did the district court fail to ask the Plaintiff and/or even the Defendants' to review over the Set of Interrogatories ("Interrogatories") that they had acknowledged to have received cited from within the "Plaintiff's Request for Production of Documents and Things (Request for Production) and the deadline for Defendants to respond to the Request for Production is July 12, 2017" (JA 1, Doc #29) before the district court under Judge Ballou made the decision to grant the Defendants'-Appellees' motion? ............................................................10

A)  Did the district court fail to give the Defendants' time to file a reply brief to the opposing brief in opposition to Movant's "MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #28)  and "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #29) before the district court under Judge Ballou made the decision to grant the Defendants'-Appellees' motion? ................11

B) Did the district court fail to review over all evidence exhibited in Plaintiff's-Appellant's opposing brief in opposition to Movant's "MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY (JA 1, Doc #28) and "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #29) before the district court under Judge Ballou made the decision to grant the Defendants'-Appellees' motion? .................................................................................................11

A) Did the district court fail to establish an basis for as to why Judge Ballou GRANTED the "MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" and the supporting brief of "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #29) before the district court under Judge Ballou made the decision to grant the Defendants'-Appellees' motion?....................................12

**STATEMENT OF THE CASE** ...........................................................................14

**SUMMARY OF ARGUMENT** ...........................................................................19

**ARGUMENT** ......................................................................................................21

**CONCLUSION** ...................................................................................................39

**PRIOR APPEALS & REQUEST FOR ORAL ARGUMENTS**.......................42

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)** ................................43

**CERTIFICATE OF SERVICE** ..........................................................................44

# TABLE OF AUTHORITIES

## FEDERAL CASES

United States of America v. Brian David Hill, Docket 1:13-cr-435-1, N.C. MD, U.S. district Court, (2014) .................................................................................29

## FEDERAL RULES

Federal Rules of Civil Procedure Rule 5.1(d) FILING. (1).....................................13

## U.S. CONSTITUTION

14th Amendment of the United States Constitution, Bill of Rights .........................39

## FEDERAL CASES IN SUPREME COURT

Armstrong v. Manzo, 380 U.S. 545, 550 (1965) ......................................................26
Armstrong v. Manzo, 380 U.S. 545, 552 (1965) ......................................................31
Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233 (1863) ...............................................27
Carey v. Piphus, 435 U.S. 247, 259 (1978) .............................................................25
Carey v. Piphus, 435 U.S. 247, 266-67 (1978)........................................................25
City of West Covina v. Perkins, 525 U.S. 234 (1999)..............................................26
*Connally* v. *General Constr. Co.*, 269 U. S. 385, 391 (1926) ..............................40
Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976)............................................38
E. g., ICC v. Louisville & N. R. Co., 227 U.S. 88, 93 -94 (1913) ..........................36
Fuentes v. Shevin, 407 U.S. 67, 80-81 (1972)........................................................27
Fuentes v. Shevin, 407 U.S. 67, 81 (1972) .............................................................25
Giglio v. United States, 405 U.S. 150 (1972)..........................................................37
Giles v Maryland, 386 U.S. 66. 87 S.Ct. 793,  17 L.Ed.2d 737 (1967)..................37
GOLDBERG v. KELLY, (1970)  No. 62  Argued ...............................................37
Goldberg v. Kelly, 397 U.S. 254, 267-68 (1970) ....................................................26
Greene v. Lindsey, 456 U.S. 444 (1982) .................................................................26
Greene v. McElroy, 360 U.S. 474, 496 -497 (1959) ...............................................36
John L. BRADY, Petitioner, v. STATE OF MARYLAND. No. 490. Argued:
    March 18 and 19, 1963.  Decided: May 13, 1963 ..............................................37
*Johnson v. United States*, 135 S.Ct. 2551 (2015) ..................................................40
Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 170-71 (1951)27
Jones v. Flowers, 547 U.S. 220, 235 (2006)............................................................26
*Kolender* v. *Lawson*, 461 U. S. 352, 357–358 (1983) ..........................................40
Marshall v. Jerrico, Inc., 446 U.S. 238, 242 ...........................................................25
Mathews v. Eldridge, 424 U.S. 319, 333 (1976) .....................................................27

Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313 (1950) .........................25

Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950) .........................26

Nelson v. Adams, 529 U.S. 460, 120 S. Ct. 1579 (2000)........................................25

Richards v. Jefferson County, 517 U.S. 793 (1996)................................................26

Robinson v. Hanrahan, 409 U.S. 38 (1974)............................................................26

Strickland v. Washington, 466 U.S. 668 (1984)......................................................38

Willner v. Committee on Character & Fitness, 373 U.S. 96, 103 -104 (1963).......36

## FEDERAL CASES IN THE FOURTH CIRCUIT

Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) ..........................................20

United States v. General , 278 F.3d 389, 395 n.2 (4th Cir. 2002) ...........................43

United States v. Robinson, 460 F.3d 550, 558 [4th Cir. 2006] ................................43

## FEDERAL CASES IN OTHER CIRCUITS

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)
...........................................................................................................................20

# JURISDICTION STATEMENT

This case was filed in the district court on 04/25/2017 (JA 1, Doc #1 and #2).

On July 19, 2017, the district court entered an order denying a pro se motion (JA 1, Doc #4), denying a pro se motion (JA 1, Doc #19), denying a pro se motion (JA 1, Doc #20), denying a pro se motion requesting a pretrial status conference (JA 1, Doc #27), and granting the U.S. Attorney's motion (JA 1, Doc #28).


This appeal is taken from a final decision or order of the district court that deprives the Constitutional due process right of Appellant.

The district court had jurisdiction pursuant to 278 U.S.C. § 1291.

# STATEMENT OF THE ISSUES

ISSUE 1

Was it error by the district court to DENY the pro se motion for "Motion and Supporting Brief Requesting Pretrial Status Conference for Discovery Matter" (JA 1, Doc #27)?

A) Did the district court fail to address the primary intent of the motion or fail to view the pleading as two motions and thereby failed to address one motion?

B) Did the district court error when the motion for requesting a pretrial status conference was denied when the court gave explicit instructions in the "Pretrial Order" (JA 1, Doc #11)? Citing paragraph (2) of the order which stated that "*Parties shall submit a status report in the form of a letter, setting forth any pretrial matters which need to be taken up with the Court no later than 60 days prior to trial. **A pretrial conference will be scheduled at the request of any party**.*"

C) After the district court under the Honorable Judge Jackson Kiser ruled that all discovery matters were to be referred to the Honorable U.S. Magistrate Judge Robert Stewart Ballou, all discovery matters are to be decided by the very Judge that I am appealing. Document #11 ("Pretrial Order") stated under paragraph (8) that "*All pretrial discovery motions and issues are*

8

*hereby referred to Magistrate Judge Robert S. Ballou for cases filed in the Danville,*" so on and so forth.

D) The Plaintiff has specifically asked in that motion (JA 1, Doc #27) for requesting a "Pretrial Status Conference for Discovery Matter", and pro se filings are supposed to be treated with a "liberal construction" which gives the district court the ability to determine the meaning and intent of a motion. The motion also has specified a quote from the "Pretrial Order" that a "***pretrial conference will be scheduled at the request of any party***." Since the district court already gave the right and/or privilege of a pretrial conference that was for a discovery matter, that right resides under the procedural due process clause of the U.S. Constitution. Because of the fact that the Plaintiff's hearing request by himself as party to the case was denied, Plaintiff's due process rights were deprived. Was the district court ruling in error when Plaintiff's written request (the motion under Doc #27) for a pretrial conference was DENIED?

E) The Plaintiff had offered to reveal the interrogatories, the discovery request letter ("Plaintiff's Request for Production of Documents and Things (Request for Production)"), and other tangible evidence to the district court when the pretrial conference was to be scheduled over the discovery matter, but the district court denied the request for a pretrial conference. Under the Federal Rules of Civil Procedure, the Plaintiff cannot persuade the Clerk under the applicable rules to file his discovery request letter ("Plaintiff's Request for Production of Documents and Things (Request for Production)") and interrogatories on the docket, therefore the district court does not know of the substance, intent, and content of the material of what was quashed.

9

Did the district court error by quashing the discovery and interrogatories without even understanding and reviewing what was even being asked in the interrogatories and what was requested via discovery?

This issue and any other issues are mainly argued in the ARGUMENTS section of this brief.

ISSUE 2

Was it error by the district court to GRANT the Defendants'-Appellees' motion for "*MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY by Executive Office for United States Attorneys, United States Department Of Justice. (Sloan, Cheryl) Modified on 7/13/2017: Motion referred to Judge Robert S. Ballou. (mlh)*" (JA 1, Doc #28) without reviewing over what was within the discovery request letter and the Plaintiff's set of interrogatories?

A) Did the district court fail to ask the Plaintiff and/or even the Defendants' to review over the discovery request letter cited from within the "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #29) before the district court under Judge Ballou made the decision to grant the Defendants'-Appellees' motion?

B) Did the district court fail to ask the Plaintiff and/or even the Defendants' to review over the Set of Interrogatories ("Interrogatories") that they had acknowledged to have received cited from within the "Plaintiff's Request for Production of Documents and Things (Request for Production) and the deadline for Defendants to respond to the Request for Production is July 12, 2017" (JA 1, Doc #29) before the district court under Judge Ballou made the decision to grant the Defendants'-Appellees' motion?

10

This issue and any other issues are mainly argued in the ARGUMENTS section of this brief.

ISSUE 3

Was it error by the district court to GRANT the Defendants'-Appellees' motion for "MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY by Executive Office for United States Attorneys, United States Department Of Justice. (Sloan, Cheryl) Modified on 7/13/2017: Motion referred to Judge Robert S. Ballou. (mlh)" (JA 1, Doc #28) not giving the Defendants' an opportunity to respond to Plaintiff's opposing brief with objections to the Defendants' motion?

A) Did the district court fail to give the Defendants' time to file a reply brief to the opposing brief in opposition to Movant's "MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #28) and "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #29) before the district court under Judge Ballou made the decision to grant the Defendants'-Appellees' motion?

B) Did the district court fail to review over all evidence exhibited in Plaintiff's-Appellant's opposing brief in opposition to Movant's "MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY (JA 1, Doc #28) and "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #29)

11

before the district court under Judge Ballou made the decision to grant the
Defendants'-Appellees' motion?

ISSUE 4

Was it error by the district court to GRANT the Defendants'-Appellees' motion for
"MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE,
TO STAY DISCOVERY by Executive Office for United States Attorneys, United
States Department Of Justice. (Sloan, Cheryl) Modified on 7/13/2017: Motion
referred to Judge Robert S. Ballou. (mlh)" (JA 1, Doc #28) and the entire basis for
granting the Defendants'-Appellees' motion  to quash was entirely based on the
claim by Judge Ballou that the entire basis for it was over the proposed subpoenas
and there is nothing in the district court's ORDER as to what the basis is for the
motion to quash was granted, and yes there is case law cited but the Judge didn't
exactly explain how it applies to the set of interrogatories and the discovery request
letter as the district court never even reviewed over both letters before making a
decision on it?

A) Did the district court fail to establish an basis for as to why Judge Ballou
    GRANTED the "MOTION to Quash DISCOVERY REQUESTS, OR IN
    THE ALTERNATIVE, TO STAY DISCOVERY" and the supporting brief
    of "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION
    TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO
    STAY DISCOVERY" (JA 1, Doc #29) before the district court under Judge
    Ballou made the decision to grant the Defendants'-Appellees' motion?

This issue and any other issues are mainly argued in the ARGUMENTS section of
this brief.

12

Magistrate Judge Ballou, made a statement in his ORDER that "*I find Plaintiff's proposed subpoenas seek irrelevant documents and testimony and a pretrial status conference is unnecessary. Plaintiff's motions are DENIED and Defendants' motion to quash discovery is GRANTED.*" That statement on its face shows that the district court did not address what was within the set of interrogatories that were mailed to the Defendants' Attorney, did not even address what was discussed in the discovery request letter("Plaintiff's Request for Production of Documents and Things (Request for Production)") and the response thereto. The order only addressed the proposed subpoenas that the Plaintiff filed on record, but did not address any other issues that was on record. The Plaintiff had offered in his motion for a pretrial status conference to show the Court about the interrogatories and the discovery request letter since both sides are barred from filing the discovery request letter and the interrogatories from being filed by the Clerk (Rule 5.1(d) of the Federal Rules of Civil Procedure) until they are used in a proceeding.

A) Federal Rules of Civil Procedure Rule 5.1(d) FILING. (1) Required Filings; Certificate of Service. Any paper after the complaint that is required to be served—together with a certificate of service—must be filed within a reasonable time after service. But disclosures under Rule 2 (a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing:

13

depositions, interrogatories, requests for documents or tangible things or

to permit entry onto land, and requests for admission.

The district court doesn't even know what was in the interrogatories and neither of

the discovery request letter because no hearing was ever scheduled upon written

request by the Plaintiff (JA 1, Doc #27) as it was denied. So Judge Ballou doesn't

even know what questions were asked in the interrogatories, whether it was

relevant to the claims made in the original complaint of this civil litigation and

how such questions can help to establish the facts of Plaintiff's-Appellants' claims,

and didn't even cite those as to why the district court GRANTED the Defendants'-

Appellees' motion when there is no evidential basis and no citing of what was in

such discovery letter as to why it should even be quashed.

## STATEMENT OF THE CASE

On April 25, 2017, Plaintiff-Appellant ("Hill") had filed the lawsuit under both the

"Freedom of Information Act ("FOIA"), 5 U.S.C. §552", and the "Right to

discovery packet of evidence under the 14th Amendment of the U.S. Constitution,

Due Process clause (citing Brady v. Maryland, 373 U.S. 83 (1963))." (JA 1, Doc

#2)

In the case Hill had appropriately, under Affidavit, presented his case that he not

only made a FOIA request for his criminal case discovery packet of evidence from

the U.S. Attorney Office of Greensboro, which falls under the agency jurisdiction

of the U.S. Department of Justice aka the second Appellee-Defendant ("U.S.

14

DOJ"), and the first appellee-Defendant named as the Executive Office for United States Attorneys ("EOUSA"). Defendant-Appellee EOUSA is in charge of the U.S. Attorney Offices across the United States, including the U.S. Attorney Office of Greensboro, North Carolina. Hill had correctly stated to the Court under Affidavit that he was wrongfully convicted as cause for such FOIA request, and that he was deprived entirely of due process, causing him to be limited to only one form of relief for a 28 U.S.C. §2255 Motion, and that is the ground of "actual innocence" which would normally permit a district court to exercise tolling beyond the 1-year statute of limitations for filing a 2255 Motion requesting relief to vacate, set aside, or correct a sentence. Hill had presented his case in the FOIA and 14th Amendment due process lawsuit that he needs the discovery evidence via the FOIA to prove his actual innocence so that he can be entitled to relief to be removed from the sex offender registry and be clear of his wrongful conviction. This is all reflected in the record.

It was revealed by Hill in "III. Statement of Claim," paragraph (1.), "That they improperly withheld records which were sought from the EOUSA. Then the U.S. Attorney may have lied that 0 records were withheld in full when testimonial and evidential facts show a different story." (JA 1, Doc #2, Page 4) However Hill revealed that there were more records that Hill believes was in the EOUSA's custody under the U.S. DOJ.

Hill and three third-party witnesses named Kenneth R. Forinash, Stella Forinash, and Roberta Hill, testified under a group-Affidavit that all four had reviewed over what was released via the FOIA request by EOUSA, and concurred that records were withheld over what was originally reviewed at attorney John Scott Coalter's office. (JA 1, Doc #2-3, Pages 14 to 15).

Hill even created a video DVD disc which was also filed on record as Exhibit 6 to complaint (JA 1, Doc #2-6), which can be viewed in the Clerk's office as video evidence under #10 filing for Doc. #2. (JA 1, Doc #2-10).

Hill has provided enough evidence to the Court which shows that the filed litigation did have merit. Defendants'-Appellees' filed answers to the summons and thus a "Pretrial Order" was entered which set the case up for a civil trial. (JA 1, Doc #9).

Hill had filed a second group-Affidavit that was signed and concurred by third party witnesses Roberta Hill, Kenneth Forinash, and Stella B. Forinash. (JA 1, Doc #12-5, pages 2 to 3), that revealed that Hill is requesting the discovery evidence from the U.S. Attorney aka the prosecuting attorney of his criminal case because there were records that were withheld from Hill's FOIA request. One such record, as the Affidavit says for itself, stated that from one page from the discovery revealed that "*From the analysis, this record showed that 454 files had been downloaded with the emule program between July 20, 2012, and July 28, 2013*". The affidavit also stated on record that *"The Mayodan, NC police raided Brian's home, and they confiscated Brian's computer on August 28, 2012. How could Brian be downloading child porn when he did not have his computer for the 11 months that the discovery said that child porn or items of interest were being downloaded?"* It is quite clear to the court, that this information alone would be very damaging to the U.S. Attorney Office and would be dangerous to sustaining the wrongful criminal conviction of Brian David Hill as shown on the criminal docket sheet filed prior to the order of the district court (JA 1, Doc #27-2)

On May 1, 2017, Hill filed a "MOTION Under Rule 45 Asking the Clerk to Subpoena Attorney John Scott Coalter for Discovery and to Prove the Factual Matter Under Complaint" (JA 1, Doc #4).

16

On June 12, 2017, Hill filed a "Brief / Memorandum in Support re: 4 MOTION..." (JA 1, Doc #12).

On June 16, 2017, Hill filed a "Objections by Plaintiff Brian David Hill re: 9 Answer to Complaint" (JA 1, Doc #14).

On June 20, 2017, Hill filed a "MOTION for Issuance of Subpoenas to Produce Documents and for Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action by Brian David Hill. Motions referred to Judge Robert S. Ballou. (Attachments: # 1 Proposed Subpoena to Produce Documents to Office of Information Policy, U.S. Department of Justice, # 2 Proposed Subpoena to Appear and Testify to Christa Lemelin, Ofice of Government Information Services, # 3 Subpoena to Produce Documents to Rodney V. White, Special Agent, North Carolina State Bureau of Investigation, # 4 Subpoena to Appear and Testify to Rodney V. White, Special Agent, North Carolina State Bureau of Investigation)" (JA 1, Doc #19).

On June 22, 2017, Hill filed a "PROPOSED SUBPOENA to Produce Documents to Town of Mayodan, Police Department filed by Brian David Hill" (JA 1, Doc #20).

On July 3, 2017, Hill filed a "Declaration in Support re 2 Complaint filed by Brian David Hill" (JA 1, Doc #24).

On July 11, 2017, Hill filed a "MOTION and Supporting Brief Requesting Pretrial Status Conference for Discovery Matter by Brian David Hill. Motion referred to Judge Robert S. Ballou. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Attachment 1, # 4 Envelope)" (JA 1, Doc #27).

On July 12, 2017, defendants' filed a "MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY by Executive Office for United States Attorneys, United States Department Of Justice.

17

(Sloan, Cheryl)" (JA 1, Doc #28), as well as a "Brief / Memorandum in Support re 28 MOTION…" (JA 1, Doc #29).

On July 17, 2017, Hill filed a opposing brief aka the "RESPONSE in Opposition re: 28 MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY and DECLARATION OF PLAINTIFF IN SUPPORT OF 27 Motion and Supporting Brief Requesting Pretrial Status Conference for Discovery Matter filed by Brian David Hill. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 2: Video Disc for Clerk to File, # 10 Exhibit 8: Audio Disc for Clerk to File)(ALL EXHIBITS, INCLUDING VIDEO DISC AND AUDIO DISC, AVAILABLE FOR VIEWING IN THE CLERK'S OFFICE DUE TO CLARITY OF EXHIBIT 3.)(mlh) (Entered: 07/19/2017)" (JA 1, Doc #31).

On July 19, 2017, on the same day that Hill's opposing brief (JA 1, Doc #31).was entered (filed on 07/17/2017), after the opposing brief entry, the district court entered a Order that all of Hill's proposed subpoenas was DENIED, the motion requesting a pretrial status conference for a discovery matter was DENIED, "Asking the Clerk to Subpoena Attorney John Scott Coalter for Discovery and to Prove the Factual Matter Under Complaint" was denied, and the "MOTION to Quash DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" was GRANTED (JA 1, Doc #32).

This appeal followed.

# SUMMARY OF ARGUMENT

Pro se civil rights complaints must be construed more liberally than pleadings filed by lawyers. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

> "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Multiple errors occurred in neglect of this principle.

The procedural due process rights of the plaintiff-appellant were affected by:

1) failure of the district court to construe the "MOTION and Supporting Brief Requesting Pretrial Status Conference for Discovery Matter" (JA 1, Doc #27) as both a notice of hearing and evidence that demonstrates evidence proving a conflict in the claims of the EOUSA. The conflict lies in Document #27-1.claim #1: plaintiff was a federal inmate (assuming the claim was directed to at the time that the FOIA request was filed) in a correctional facility when facts show the opposite (JA 1, Doc #2-3, pages 11 to 13), and claim #2: Witness from Office of Government Information Services ("OGIS") (JA 1, Doc #27-1) claiming that the EOUSA explained to them that "USAO-MDNC provided the FOIA unit with all of the records responsive to your request and informed the FOIA unit that it was unable to release your PSR because it was under seal." There are two conflicting statements. The first one is a total falsehood and the second is the truth, yet the truth was never directed at the plaintiff but was provided to the OGIS mediator. So the motion requesting a pretrial status conference didn't just request a hearing for the discovery but also showed factual evidence (unless

19

disputed as otherwise by the other party) that shows a conflict of statements from the EOUSA FOIA unit. That would be a good enough reason to request a notice of hearing.

2) failure of the district court to give the plaintiff 14 days to file an opposing brief to a motion filed by the defending party, then failed to give the defendants'-appellees' the 7 day period to file a response to the opposing brief.

3) failure of the district court to actually give itself enough time to review over the opposing brief with attached evidence (JA 1, Doc #31) which happens to include a DVD Video exhibit and Audio CD disc containing testimony under oath from the plaintiff-appellant which lasts around 48 minutes and 43 seconds. Since the order was filed on the same day that the opposing brief was entered by the Clerk, with other cases being filed in the district court, there would be no way possible for the district court to review over all of the opposing brief to be able to make a final decision on quashing both the discovery request and the interrogatories. The audio CD did not just have the testimony of the Plaintiff under oath, but also the photographs that were leaked by the "hacktivist group" called "Anonymous" such as "doc.leak.sbi.hill.1.jpg, doc.leak.sbi.hill.2.jpg, and doc.leak.sbi.hill.3.jpg" (JA 1, Doc #31, Pages 38 to 46). It was even admitted in paragraph (16.) of the Declaration-Affidavit that Mr. Placke admitted to have received a audio CD from the U.S. Attorney, and also a CD-ROM containing law enforcement reports in PDF format. The district court by not even reviewing all of the evidence and the three photographs embedded in the DATA track of the Audio CD filed with the district court two days prior to the order by Judge Ballou (JA 1, Doc #32).

## ARGUMENT

**Judge Ballou did not give the Defendants-Appellees enough time to file a response brief.**

**According to the** Document #11, Paragraph (2) "Parties shall submit a status report in the form of a letter, setting forth any pretrial matters which need to be taken up with the Court no later than 60 days prior to trial. **A pretrial conference will be scheduled at the request of any party**." (JA 1, Doc #11)

Document #11, Paragraph (4) "**All motions must be accompanied by a supporting brief.** In the event that a motion has been filed prior to the entry of this Order and it was not supported by a brief, movant must file a supporting brief within 14 days of the date of this Order. **Briefs in opposition must be filed within 14 days of the date of service of the movant's brief** (or within 14 days of this Order if a motion and brief have been served prior to this Order). **EXCEPT FOR GOOD CAUSE SHOWN, IF BRIEFS IN OPPOSITION TO THE MOTIONS ARE NOT FILED, IT WILL BE DEEMED THAT THE MOTION IS WELL TAKEN. Movant's reply brief must be filed within 7 days of the date of service of the brief in opposition to the motion.**" (JA 1, Doc #11)

Document #11, Paragraph (5) "**It shall be the obligation of the moving party to bring the motion on for hearing by notice**. If by mutual agreement of the parties a hearing is not required, it shall be the obligation of the moving party to notify the Court that the motion is submitted on briefs." (JA 1, Doc #11)

21

So Judge Jackson Kiser's ORDER stated that "**Movant's reply brief must be filed within 7 days of the date of service of the brief in opposition to the motion.**" Yet the ORDER by Judge Ballou (JA 1, Doc #32) was filed and entered on 07/19/2017, on the same day that the opposing brief by Plaintiff-Appellant (JA 1, Doc #31) was filed by the Clerk as of 07/17/2017, and entered on 07/19/2017. So Judge Ballou would only have less than one day to review over all Exhibits and materials attached thereto within that short time frame before his order. The Defendants'-Appellees' didn't have the seven days needed to file a response /reply to the brief in opposition to Movant's motion. Regardless of whether the 7-day timeline for the Movant to file a reply started on 07/17/2017 the opposing brief filed date or 07/19/2017 when it was entered on CM/ECF, the Judge didn't give the Defendants'-Appellees' the seven days that was ordered by district court Judge Kiser to respond to Plaintiff's-Appellant's opposing brief. Judge Ballou should have given the Defendants' up until July 24, 2017, or July 26, 2017 to file an reply to the opposing brief to Movant's motion.

Judge Ballou deprived the Government of their right to respond.

Judge Ballou deprived both parties of the right to a hearing. Judge Ballou erred by ignoring the ORDER by the U.S. district court Judge Jackson Kiser which stated in his order that "**A pretrial conference will be scheduled at the request of any party**." (JA 1, Doc #11). Here are some case law standards regarding the procedural due

22

process right to a court hearing upon request or upon it being needed to resolve the conflicting issues of facts and evidence.

The Requirements of Due Process.—Although due process tolerates variances in procedure "appropriate to the nature of the case," it is nonetheless possible to identify its core goals and requirements. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313 (1950).

First, "[p]rocedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Carey v. Piphus, 435 U.S. 247, 259 (1978). "[P]rocedural due process rules are shaped by the risk of error inherent in the truth-finding process as applied to the generality of cases." Mathews v. Eldridge, 424 U.S. 319, 344 (1976).

Thus, the required elements of due process are those that "minimize substantively unfair or mistaken deprivations" by enabling persons to contest the basis upon which a State proposes to deprive them of protected interests. Fuentes v. Shevin, 407 U.S. 67, 81 (1972). At times, the Court has also stressed the dignitary importance of procedural rights, the worth of being able to defend one's interests even if one cannot change the result. Carey v. Piphus, 435 U.S. 247, 266-67 (1978); Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980); Nelson v. Adams, 529 U.S. 460, 120 S. Ct. 1579 (2000) (amendment of judgement to impose attorney fees and costs to sole shareholder of liable corporate structure invalid without notice or opportunity to dispute).

The core of these requirements is notice and a hearing before an impartial tribunal. Due process may also require an opportunity for confrontation and cross-examination, and for discovery; that a decision be made based on the record, and that a party be allowed to be represented by counsel.

23

NOTICE and HEARING:

(1) Notice. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950). See also Richards v. Jefferson County, 517 U.S. 793 (1996) (res judicata may not apply where taxpayer who challenged a county's occupation tax was not informed of prior case and where taxpayer interests were not adequately protected).

This may include an obligation, upon learning that an attempt at notice has failed, to take "reasonable followup measures" that may be available. Jones v. Flowers, 547 U.S. 220, 235 (2006) (state's certified letter, intended to notify a property owner that his property would be sold unless he satisfied a tax delinquency, was returned by the post office marked "unclaimed"; the state should have taken additional reasonable steps to notify the property owner, as it would have been practicable for it to have done so.)

The notice must be sufficient to enable the recipient to determine what is being proposed and what he must do to prevent the deprivation of his interest. Goldberg v. Kelly, 397 U.S. 254, 267-68 (1970).

Ordinarily, service of the notice must be reasonably structured to assure that the person to whom it is directed receives it. Armstrong v. Manzo, 380 U.S. 545, 550 (1965); Robinson v. Hanrahan, 409 U.S. 38 (1974); Greene v. Lindsey, 456 U.S. 444 (1982).

Such notice, however, need not describe the legal procedures necessary to protect one's interest if such procedures are otherwise set out in published, generally available public sources. City of West Covina v. Perkins, 525 U.S. 234 (1999).

(2) Hearing. "[S]ome form of hearing is required before an individual is finally deprived of a property [or liberty] interest." This right is a "basic aspect of the

24

duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment …" Mathews v. Eldridge, 424 U.S. 319, 333 (1976). "Parties whose rights are to be affected are entitled to be heard." Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233 (1863) Fuentes v. Shevin, 407 U.S. 67, 80-81 (1972). *See* Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 170-71 (1951) (Justice Frankfurter concurring).

It has already been exhibited on the record that the Plaintiff-Appellant's constitutional rights were deprived unfairly because of being forced by circumstances and poor health into a false guilty plea agreement. (JA 1, Doc #31, pages 28 to 48). **Statements were made under Declaration in Doc. #31 that made statements under Oath by Plaintiff that:**

"I have been denied all of my Constitutional rights in my criminal case prior to my situation where I was given the choice of taking the guilty plea agreement or face twenty years in federal prison. The U.S. Attorney and their staff don't seem to care that I wasn't given any of my Constitutional rights when the Court said that I was presumed innocent until proven guilty beyond reasonable doubt. I felt my rights (innocent until proven guilty) that the Federal Court said to me that I had before my criminal Jury trial was all fake, a fraud, a façade, a lie, a swindle, because I was given no rights, thanks to the U.S. Attorney Office for the Middle District of North Carolina." (JA 1, Doc #31)

"The rights which I believe I was deprived prior to my guilty plea and final
conviction includes my right to cross examine the Government's witnesses and the
right to question them in open court, my right to compulsory process clause giving
me the right to file subpoenas and compel witnesses to testify in Court and/or
produce evidence and records and tangible things in my defense under the
adversarial system, my right to effective assistance of trial Counsel, my rights
under the American with Disabilities Act ("ADA") that the Town of Mayodan
deprived me of, my right to prove my innocence to a Jury, and my right to
discovery under due process. My own Assistant Federal Public Defender named
Eric David Placke betrayed me, only wanted to work with the U.S. Attorney
Office, wanted me to take the guilty plea, deleted email attachments that my family
emailed to him as evidence, refused to bring forth any witnesses, and weren't
going to hire a independent computer forensic expert under CJA 21 voucher to
help pay for the examination of my Black Toshiba Laptop Computer, Satellite
C655D, at the SBI office in Greensboro." (JA 1, Doc #31)

"Placke didn't even fight to get the Court to pay for a psychologist or psychiatrist
that has an expertise in Autism Spectrum Disorder and Obsessive Compulsive
Disorder, and explain how those disorders can cause me to give false confessions
and misleading statements to law enforcement. Placke didn't even hire an Audio
expert to analyze the confession Audio from the Confession "Audio CD" originally
from Mayodan Police Department that likely gave a copy burned to a CD-ROM
disc to the U.S. Attorney Office of Greensboro, North Carolina. Placke didn't even
check my suspicions that the audio may have been altered or botched. None of my
rights and warranted suspicions were ever looked into. Placke lied to me, lied to
Federal Judges, and he deceived me and my family into thinking that he worked
for me." (JA 1, Doc #31)

26

And the last paragraph highlighted was "I would have lost the Jury trial, so in other words I would have been guilty anyways under extreme forms of ineffective Counsel colluding with the U.S. Attorney Office to sell me down the river like a slave on the plantation, to railroad me into a wrongful conviction either by plea agreement or lose the Jury Trial. There was going to be no innocent until proven guilty, I would have no right to prove my innocence. I was even going to be under extreme Adam Walsh Act specific restrictions if I had been released on Bail/Bond where I couldn't use a telephone to call my Pretrial Services Officer, I wouldn't be able to make Doctors' appointments nor even be allowed to phone call my own lawyer because my whole family would not be allowed access to a telephone either according to the Pretrial Services Officer's desires for the Government. I would not be allowed to even use a computer, not even to write motions like this nor be allowed to gather any evidence whatsoever. I was already being treated like some kind of a serial child rapist or some kind of danger to society before the Jury Trial. I wasn't given any Constitutional rights. It was either take the plea agreement and be on Probation aka Supervised Release, or I face 20 years in federal prison likely in Maximum Security because I was involved in politics. The reason I filed this FOIA lawsuit was to recover my Constitutional rights that I had been deprived of, my lost fourteenth Amendment rights that the U.S. Attorney Office in Greensboro doesn't seem to care about when it is about one of their criminal case Defendants' trying to prove their innocence." (JA 1, Doc #31)

So Plaintiff-Appellant has demonstrated under Affidavit and by filing many Exhibits prior to the Document #32 ORDER, that Plaintiff only has an interest in recovering his lost due process rights never afforded to him in his criminal case (Citing United States of America v. Brian David Hill, Docket 1:13-cr-435-1, N.C. MD, U.S. district Court, (2014)). The Plaintiff-Appellant needs access to the

27

discovery evidence from his criminal case in order to mount a successful actual innocence affirmative defense to file a successive 2255 Motion pursuant to 28 U.S. Code § 2255 to attack, set aside, or vacate a sentence. Not just that but if the Plaintiff-Appellant is left with no right to prove actual innocence and no right to investigate anything at all except to just sit quiet and just serve the sentence "like a good boy!" (Sarcasm added) then he is absolutely deprived of his Constitutional rights prior to the guilty plea and deprived of his lawful DATA on his seized and forfeited computers, therefore the Plaintiff-Appellant was deprived of property and liberty.

The Plaintiff-Appellant has a lot more to lose and be deprived of than all ordinary felony convictions. The "Sex Offender" class charges have a lot more restrictions, penalties, loss of property including lawful computer DATA that just happened to unfortunately be contained on a seized hard drive or flash drive of any computer, and Sex Offenders get wide stigmatization and even go through bullying. It is worse when a particular "sex offender" is ACTUALLY INNOCENT of the charges, and is one-hundred times worse when not ever allowed to prove actual innocence in any way. The Plaintiff-Appellant has lost due process after being arrested as documented on the record in the filings, has lost his freedom, has lost his liberty, and now apparently the U.S. Attorney has taken away the Plaintiff's-Appellant's ability to even build a case to prove actual innocence because it would embarrass the U.S. Government to force an innocent disabled man to plead guilty under threat of "20 years in prison" then deprive the innocent disabled man of any right or even privilege to prove innocence. It used to be that each criminal defendant was treated innocent until proven guilty, then it was guilty until you prove yourself innocent. In Brian David Hill's case as stated in his entire FOIA and due process civil case at issue here, Plaintiff/Appellant has been treated as guilty

28

since being arrested, and would not be given any means nor be given any opportunity to prove actual innocence at all. Being deprived of innocence when accused of a sex crime involving a child (child pornography) is far worse than the death penalty as the emotional trauma, the bullying, the constant false accusations of "pedophile" and "child molester" when the person could have proven innocence but is being blocked by the Federal Prosecutor that is corrupt to persuade Grand Juries to indict ham sandwiches. The Plaintiff-Appellant has a lot of liberty and property that was lost, all because somebody decided to plant child porn on the Plaintiff's-Appellant's computer and the U.S. Attorney is arguing that under FOIA the Plaintiff-Appellant has no right to get access to any of the original discovery records of the criminal case that would show actual innocence or a lot of reasonable doubts. The U.S. Attorney acts like they are the moral big-brother type authority that is always truthful when that is not the truth. They only want to convict people. That is why every criminal defendant is supposed to be entitled to Constitutional protections so that "<u>NO innocent man is ever convicted of a crime, far outweighs the need for administrative agency secrecy</u>."

Thus, the notice of hearing and the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965)

Judge Ballou erred by ignoring Plaintiff's-Appellant's written request for a hearing, and deprived the Plaintiff-Appellant of showing the Court the attempted set of interrogatories and the discovery request letter to show Judge Ballou of the court what interrogatories may be quashed if the United States motion was granted to quash the discovery and interrogatories (JA 1, Doc #28, and Doc #29).

The Plaintiff-Appellant had offered in the record, prior to the Judge's ORDER, to show evidence in a hearing which would be a proceeding, to which Rule 5.1(d) of

29

the FRCP would allow admittance of such evidence as to why the discovery request and interrogatories should not be quashed until the Judge understands what was even being quashed in the first place (JA 1, Doc #27). Judge Ballou conducted his ruling contrary to Federal case law in the U.S. Supreme Court regarding right to notice and hearing when liberty and property would be deprived, in this case due process right and the rights guaranteed under the Constitution. Judge Ballou conducted his ruling contrary to the U.S. district court Judge Jackson Kiser's "Pretrial Order" (JA 1, Doc #11) and did not give the Government time to respond and neither was all evidence reviewed prior to his ORDER. Judge Ballou's ORDER under Document #26 only established the basis of the subpoenas being "irrelevant" and that it is the cause for "Defendants' motion to quash discovery is GRANTED".

The Defendants'-Appellees' did not ask the court to quash the subpoenas but only to quash the interrogatories and the discovery request letter that were both received by the Defendants' which were admitted in their motion to quash (JA 1, Doc #28, and Doc #29).

The Defendants'-Appellees stated in their own "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" (JA 1, Doc #29), "I. BACKGROUND" the following:

"1. Brian David Hill, (Plaintiff), commenced this Freedom of Information Act,

(FOIA) case on April 25, 2017."

"2. Defendants received a copy of Plaintiff's Request for Production of Documents and Things (Request for Production) and the deadline for Defendants to respond to the Request for Production is July 12, 2017."

"3. Defendants received a Set of Interrogatories (Interrogatories) from Plaintiff on June 21, 2017. The deadline for Defendants to respond to the Interrogatories is July 21, 2017."

And "4. Defendants request that the Court quash Plaintiff's Discovery Requests because they are premature and exceed the scope of discovery usually permitted in a FOIA case or, in the alternative, to Stay Discovery at this time."

Defendants'-Appellees' were incorrect that it was only just a FOIA case that normally has no other statute or Constitutional amendment cited as the jurisdictional basis for the complaint (JA 1, Doc #2).

The Plaintiff-Appellant submitted under the "II. Basis for Jurisdiction" under paragraph (A.) that "Freedom of Information Act ("FOIA"), 5 U.S.C. §552, Right to discovery packet of evidence under the 14th Amendment of the U.S. Constitution, Due Process clause (citing Brady v. Maryland, 373 U.S. 83(1963))".

Judge Ballou and the Defendants'-Appellees' only focused on the statute under 5 U.S.C. §552, but did not address the civil case under "Right to discovery packet of evidence under the 14th Amendment of the U.S. Constitution, Due Process clause (citing Brady v. Maryland, 373 U.S. 83(1963)".

Not just that but the Defendants-Appellees did not address the issue of the "proposed subpoenas" directly in their motion (JA 1, Doc #28) and supporting brief/memorandum (JA 1, Doc #29), and only addressed the issue of the interrogatories and the discovery request letter aka the "Plaintiff's Request for Production of Documents and Things (Request for Production)". So for Judge Ballou to ORDER the denial of the request for a hearing, and then to GRANT the Defendants' MOTION (JA 1, Doc #28) on only the basis of arguing about the "proposed subpoenas" does not establish a basis as to why both the interrogatories

31

and "Plaintiff's Request for Production of Documents and Things (Request for Production)" aka the discovery request letter would be quashed. Even if the Judge has cited case law regarding discovery, Judge Ballou still didn't make any arguments as to the interrogatories and the discovery request letter. It was all about the "proposed subpoenas" and how the Plaintiff forgot to say how much money he was willing to spend for them and how irrelevant the subpoenas were when the complaint (and FOIA request letter and FOIA Appeal filings) all demonstrate the relevance of the proposed subpoenas. The only thing Plaintiff-Appellant agrees that Judge Ballou did not error on was that Plaintiff-Appellant forgot to specify how much he was proposing to pay the fees/costs for executing/enforcing the "proposed subpoenas" filed with the Court.

However as for the subpoena for John Scott Coalter that Judge Ballou denied in his ORDER under Document #32, "1. Subpoena duces tecum to his former criminal defense attorney, John Scott Coalter, for all discovery material for Plaintiff's criminal case, including the North Carolina State Bureau of Investigation's case file and a recording of Plaintiff's confession. Dkt. No. 4-8." The issue as to what Judge Ballou erred on was the fact that (JA 1, Doc #4) (JA 1, Doc #4-1, Doc #4-2, Doc #4-3, Doc #4-4, Doc #4-5, Doc #4-6, Doc #4-7) the whole motion under Rule 45 explains why the subpoena is relevant to the civil case and the allegations in the complaint. Even Document #12 was filed as a "Brief / Memorandum in Support re: 4 MOTION Under Rule 45 Asking the Clerk to Subpoena Attorney John Scott Coalter for Discovery and to Prove the Factual Matter Under Complaint and Declaration in Support of 2 Complaint filed by Brian David Hill. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Envelope)(mlh)" (JA 1, Doc #12). It established further reasons why the "proposed subpoena" as to "John Scott Coalter" was relevant to proving the factual matter in

32

the complaint under Document #2, as well as the "Declaration in Support re 2 Complaint filed by Brian David Hill. (Attachments: # 1, Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7, Exhibit 7, # 8 Notes attached to documents)(bw)" (JA 1, Doc #24).

**Even in the record, prior to Judge Ballou's ORDER, under Document #12 in support of Document #4, that Judge Ballou was supposed to have read in its entirety (and review over the evidence attached thereto) before making a decision in his Document #32 ORDER, it stated under Oath in a Declaration/Affidavit that John Scott Coalter was acting hostile (hostile witness?) against the Plaintiff-Appellant in such a way that he is threatening to do something which could mean that the Plaintiff-Appellant never gets to prove his innocence**, and **never gets the discovery papers and Audio CD that was requested via the FOIA (spoliation of evidence), which works in Mr. Coalter's best interests since he had admitted is in conflict of interest which was already stated in the record prior to Judge Ballou's ORDER.**

It stated under Document #12, in Pages 4 to 5 that "*I and my family had attempted to find an Attorney to get the discovery evidence out of Mr. Coalter's hands, but that had failed. My family had got in contact with an Attorney named Emily Gladden of the 'Tin Fulton Walker & Owen' law firm located at 127 West Hargett Street, Raleigh, NC 27601. I and my family wanted her to get the discovery evidence out of Mr. Coalter's hands and she suggested that we could also work on trying for my actual innocence. So she gave my family a contract paper and she was going to further do some research before my mother signs a contract for her services as my private Attorney-of-record, and my family was*

33

*going to use what little money they had to try to at least stop Mr. Coalter from blocking*

*me any further from proving my innocence. On April 13, 2017, I tried to fax her some*

*records that can help her to prove my innocence. At a later day which is sometime in*

*April, 2017, I had received a phone call from my grandparents that informed me that*

*Emily Gladden had heard from Mr. Coalter and was told some things, and after that her*

*boss had decided that there was nothing we could do and decided not to do anything*

*more. It has come to my attention that Mr. Coalter seems to be working against me and*

*possibly sabotaging my criminal defense, by playing dirty games against me, and that he*

*will never let any other Attorney acquire the discovery papers."* ◄-- (JA 1, Doc #12,

pages 4 to 5).

The issues in the record prior to Judge Ballou's ORDER, and the U.S.
Constitutional rights are made quite clear as of the case law that was ruled on by
the U.S. Supreme Court.

In almost every setting where important decisions turn on questions of fact, due
process requires an opportunity to confront and cross-examine adverse witnesses.
E. g., ICC v. Louisville & N. R. Co., 227 U.S. 88, 93 -94 (1913); Willner v.
Committee on Character & Fitness, 373 U.S. 96, 103 -104 (1963). What we said in
[397 U.S. 254, 270]   Greene v. McElroy, 360 U.S. 474, 496 -497 (1959), is
particularly pertinent here: "Certain principles have remained relatively immutable
in our jurisprudence. One of these is that where governmental action seriously
injures an individual, and the reasonableness of the action depends on fact
findings, the evidence used to prove the Government's case must be disclosed to
the individual so that he has an opportunity to show that it is untrue. While this is

34

important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment." GOLDBERG v. KELLY, (1970)  No. 62  Argued: October 13, 1969    Decided: March 23, 1970.

My last argument for the U.S. Court of Appeals to review is whether, the Freedom of Information Act ("FOIA") can prohibit a criminal defendant from getting access to his own criminal case discovery evidence that he was supposed to be entitled to once charged and indicted by a Grand Jury? Is the FOIA such a restrictive process to which a criminal Defendant that claims in an Affidavit or in multiple Affidavits to giving a false guilty plea due to deteriorating health and ineffective Counsel, to being actually innocent, and needing the discovery evidence AGAIN to try to prove actual innocence and show the errors and invalid nature of the original evidence (Evidence Fraud? Manufactured Evidence?) that was used to indict and eventually lead to a criminal conviction in federal court?

Giglio v. United States, 405 U.S. 150 (1972); John L. BRADY, Petitioner, v. STATE OF MARYLAND. No. 490. Argued: March 18 and 19, 1963.   Decided: May 13, 1963. The American Bar Association Standards mandate the prosecutor to make the required disclosure even though not requested to do so by the defendant to disclose evidence "helpful" to the defense.  Again, Brady v Maryland, 373 U.S. 83.83 S.Ct.1194, 10 L.Ed.2d 215 (1963) and Giles v Maryland, 386 U.S. 66. 87 S.Ct. 793,  17 L.Ed.2d 737 (1967).

The concern of the Plaintiff-Appellant has been established quite clear throughout the civil case, will the Plaintiff-Appellant be permanently blocked from gathering any evidence at all to prove actual innocence?

Is it wrong for the Federal Prosecutor to not give the Plaintiff-Appellant any opportunity to sift through the entire discovery evidence and just show the errors, the impeachable claims, and set the records straight once-and-for-all that the Plaintiff-Appellant is actually innocent of the charge possession of child pornography and almost committed suicide (JA 1, Doc #12-2) over the whole thing which is ridiculous?

Should the Federal Bureau of Investigation be ignoring the Plaintiff-Appellant? Should the U.S. Attorney just ignore the criminal Defendant that has a good chance to prove actual innocence? Is the Freedom of Information Act ("FOIA") supposed to be a mechanism passed by Congress to hold the governors accountable to the governed? The purpose of the Act is "'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" Id. (citing Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976)). The Plaintiff-Appellant is scrutinizing his mandatory sex offender status because of being actually innocent. The Plaintiff-Appellant cannot be removed from the sex offender registry unless he can overturn his conviction. Because of the one-year 2255 deadline, the only option now is actual innocence. The Plaintiff-Appellant should be allowed access to the very discovery evidence that was originally used against the Plaintiff-Appellant and deprive him of all of his Constitutional rights including effective assistance of Counsel not bowing down to the U.S. Attorney (See Strickland v. Washington, 466 U.S. 668 (1984)), and asking for the original discovery records requested by his defiant defense Counsel that admitted to being in conflict of interest in the records prior to the Judge's ORDER.

36

Can the U.S. Attorney be allowed to legally block their criminal Defendants' from acquiring a copy of their discovery packet of evidence that was originally requested in their criminal cases when dealing with defiant and aggressive defense lawyers appointed by the court that refuse to do anything to prove their clients' innocence and only listen to the Government?

Why can't the criminal defendant have a right to prove innocence when accused of a sex crime? Are suspected child pornographers treated less than human, treated like dogs that need to be fixed or put down? That need to be monitored and apprehended at any time? What if a suspected child pornographer wants to prove his innocence to the charge and wrongful conviction?

What if a criminal defendant never had any opportunity to conduct a cross examination? What if a criminal defendant never had any opportunity to compel witnesses under the compulsory clause? What if a criminal defendant didn't get to see his entire criminal case discovery until after being convicted by guilty plea, then bar the criminal defendant from thoroughly reviewing the evidence any further?

14th Amendment of the United States Constitution, Bill of Rights:

"All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The U.S. Supreme Court has similarly stated that fair notice of what activity would be prohibited amount to a taking of liberty concerning all activity which lays within the fair notice. See *Johnson v. United States*, 135 S.Ct. 2551 (2015) that:

> Our cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender* v. *Lawson*, 461 U. S. 352, 357–358 (1983). The prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law," and a statute that flouts it "violates the first essential of due process." *Connally* v. *General Constr. Co.*, 269 U. S. 385, 391 (1926).

## CONCLUSION

The error of not addressing a substantial rights issue raised in a motion, considering that such construction ( construe earlier pleading as Notice of Hearing ) was explicitly proffered as argument by the motion, even if the error were to fall under harmless review, would stand as reversible error.

The error of not reviewing all evidence and arguments made, especially in Documents such as #31 opposing brief to Movant's motion, even if the error were to fall under harmless review, would stand as reversible error.

The evidence should at-least be reviewed as it relates to the matter or matters of which was affected by the ORDER of Document #32, to which deprives the Plaintiff-Appellant, the Defendants', or both of procedural due process rights under the Fourteenth Amendment under the U.S. Constitution. Being denied and barred from even requesting a pretrial conference, when Document #11 Pretrial Order specifically states that a "pretrial conference will be scheduled at the request of any party." Judge Ballou acted above the higher Judge within the U.S. district court. So even if the error were to fall under harmless review and not considered an abuse of discretion, would stand as reversible error as it overrides procedural due process and overrides an earlier court order set by a district court Judge with more authority than a U.S. Magistrate judge.

The error in failing to recognize that construing a pro se "Motion and Supporting Brief Requesting Pretrial Status Conference for Discovery Matter" as the functional equivalent of a Notice of Hearing and/or evidence being filed that would construe such a need for a "Notice of Hearing" to determine the facts of the matter, would be a method for granting the motion, at least in part, shows that there is an error as a matter of law in the conclusion of the district court that "I find Plaintiff's

proposed subpoenas seek irrelevant documents and testimony and a pretrial status conference is unnecessary. Plaintiff's motions are DENIED and Defendants' motion to quash discovery is GRANTED." The district court through Judge Ballou erred by using the "Plaintiff's proposed subpoenas" as the sole basis for quashing the interrogatories and the discovery request letter, and then denying the Notice of Hearing and the attached evidence and additional pleading information which deprives both parties of the fundamental right under the U.S. Constitution regarding the procedural due process (14th Amendment) right to a hearing when requested. So even if the error were to fall under harmless review, would stand as reversible error.

Judge Ballou erred by determining that Plaintiff's-Appellant's subpoena for "John Scott Coalter" had absolutely no relevance to the FOIA case and that case wasn't just established under FOIA but also filed under "14th Amendment of the U.S. Constitution, Due Process clause (citing Brady v. Maryland, 373 U.S. 83(1963)". Judge Ballou did not make any determination of the 14th Amendment basis but only focused on the FOIA, as if the Plaintiff-Appellant has no right to the criminal case discovery evidence that John Scott Coalter has threatened to dispose of/destroy. Under Document #2-8, Filed 04/25/17, Page 2 of 2, John Scott Coalter threatening to possibly destroy a copy of the discovery evidence material that originated from the U.S. Attorney Office of Greensboro, NC.

Can Judge Ballou simply GRANT the Defendants'-Appellees' motion on the mere basis of "proposed subpoenas" which aren't even addressed in the motion and supporting brief under Documents #28 and #29?

Can Judge Ballou override the ORDER of a U.S. District Judge whom made a prior ruling on the record (Doc. #11) that only gave the U.S. Magistrate Judge the power to be referred to any and all matters regarding discovery?

Did Judge Ballou error on any of the issues raised in this whole brief and/or made any ORDERS or decisions contrary to law?

Did Judge Ballou error when making his ORDER without giving the Defendants' any of the seven days' time to respond to the Plaintiff's-Appellant's opposing brief to the Movant's motion which was the Defendants'-Appellees'? Especially when Judge Kiser ORDERED that a motion be well taken when there is no opposing brief entered. Could Judge Ballou have possibly reviewed over all evidence entered in Document #31 on the same day that the ORDER was entered and filed?

Even if the errors were to fall under harmless review, the Government bears the burden for proving that the error did not affect the Plaintiff's-Appellant's (criminal Defendant's) substantial rights (See United States v. General , 278 F.3d 389, 395 n.2 (4th Cir. 2002)) and the government must prove that the error was harmless beyond a reasonable doubt. (See United States v. Robinson, 460 F.3d 550, 558 [4th Cir. 2006]).

FOR THE FOREGOING REASONS, this Court of Appeals should reverse the U.S. Magistrate Judge Robert Stewart Ballou's ORDER in the district court and remand with instructions to grant the NOTICE OF HEARING (under liberal construction) under Document #27, to reverse the GRANTING of the Defendants'-Appellees' motion to quash and not yet make a decision on that motion until after the requested hearing to give both parties the ability to present evidence and make arguments, and reconsider one "proposed subpoena" or multiple "proposed subpoenas" as relevant as to what was filed on the record prior to the ORDER.

Plaintiff-Appellant is also asking for any other relief that the U.S. Court of Appeals finds is necessary as a matter of law and for the administration of justice.

# PRIOR APPEALS & REQUEST FOR ORAL ARGUMENTS

## Prior appeals or related Appeals

A. Have you filed other cases in this court? Yes [X] No [ ]

The Plaintiff-Appellant has filed other cases in this court such as:

B. *If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?*

Criminal case: 1:13-cr-435-WO-1, District: 0418-2,

United States Court of Appeals for the Fourth Circuit

Court of Appeals Docket #: 15-4057

United States of America v. Brian David Hill

Appeal From: United States District Court for the Middle District of North Carolina at Greensboro

Fee Status: cja

Date NOA Filed: 01/29/2015

## Request for Oral Arguments

Appellant respectfully requests that this Court hear oral argument.

This appeal raises serious Constitutional issues regarding

enumerated fundamental constitutional rights.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
### Type-VOLUME LIMIT, Typeface Requirements, and Type Style Requirements

**Appellant hereby certifies that:**

1. This brief complies with the type-volume limitation of Fed. Rules. App. P. 32(a)(7)(B) because this brief does not exceed 13,000 words (specifically contains 13,000 words), excluding the parts of the brief exempted by Fed. Rules App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. Rules App. P. 32(a)(5) and the type style requirements of Fed. Rules App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

Respectfully submitted,

*Brian D. Hill*
*Signed*
Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, VA 24112
Phone #: (276) 790-3505

**U.S.W.G.O**

43

## CERTIFICATE OF SERVICE

Appellant hereby certifies that on August 11, 2017, service was made by mailing the original of the foregoing

**INFORMAL BRIEF OF APPELLANT**

by deposit in the United States Mail, Postage prepaid under certified mail tracking no. 7014-2120-0000-5321-7263, on August 11, 2017 addressed to the Clerk of the Court in the U.S. Court of Appeals in the Fourth Circuit. Then Appellant requests that the Clerk of the Court shall have electronically filed the foregoing INFORMAL BRIEF OF APPELLANT using the CM/ECF system which will send notification of such filing to the following:

**Cheryl Thornton Sloan**
**U.S. Attorney Office**
**Civil Case # 4:17-cv-00027**
**101 South Edgeworth Street, 4th Floor**
**Greensboro, NC 27401**

This is pursuant to Appellant's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases..."the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing: | Respectfully submitted, |
|---|---|
| August 11, 2017 | *Brian D. Hill* Signed |
| | Brian D. Hill (Pro Se) |
| | 310 Forest Street, Apartment 2 |
| | Martinsville, VA 24112 |
| | Phone #: (276) 790-3505 |
| | U.S.W.G.O. |