In the
UNITED STATES COURT OF APPEALS
For the Fourth Circuit

No. **17-1866**
_____

BRIAN DAVID HILL,
Plaintiff – Appellant,

v.

EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS,
AND UNITED STATES DEPARTMENT OF JUSTICE,
Defendants – Appellees.
_____

On Appeal from the United States District Court
For The Western District of Virginia
Case No.: 4:17-CV-00027-JLK
_____

## RESPONSE BRIEF FOR APPELLEES

Attorney for the Appellees:

RICK A. MOUNTCASTLE
Acting United States Attorney

Cheryl T. Sloan
Special Assistant United States Attorney
United States Attorney's Office
101 South Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401
(336) 333-5351

Date: August 29, 2017

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

STATEMENT OF JURISDICTION ................................................................. 1

ISSUES PRESENTED ...................................................................................... 2

STATEMENT OF THE CASE .......................................................................... 3

STATEMENT OF FACTS ................................................................................ 4

SUMMARY OF ARGUMENT ......................................................................... 5

ARGUMENT .................................................................................................... 5

    A.    STANDARD OF REVIEW ........................................................... 5

    B.    THE MAGISTRATE JUDGE DID NOT ERR IN DENYING A PRETRIAL CONFERENCE ..................................................... 6

    C.    THE MAGISTRATE JUDGE DID NOT ERR IN GRANTING APPELLEES' MOTIONWITHOUT REVIEWING APPELLANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES ............................. 7

    D.    THE MAGISTRATE JUDGE DID NOT ERR IN GRANTING APPELLEES' MOTION TO QUASH BEFORE THE APPELLEES HAD AN OPPORTUNITY TO FILE A REPLY BRIEF ................................................................................. 8

    E.    THE MAGISTRATE JUDGE DID NOT ERR IN FAILING TO STATE A BASIS FOR GRANTING THE APPELLEES' MOTION TO QUASH ............................................................... 9

CONCLUSION ............................................................................................... 10

REQUEST FOR ORAL ARGUMENT ........................................................... 10

# TABLE OF AUTHORITIES

**Cases**

Heily v. Dep't of Commerce, 69 F. App'x 171, 174 (4th Cir. 2003).........7, 9

Johnson v. DOJ, No. 06-1248, 2007 U.S. Dist. LEXIS 57963, at *4 (W.D. Wis. Aug. 8, 2007) ................................................................................9

Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ......................................7

Mullen v. U.S. Army Crim. Investigation Command, No. 10-262, 2011 WL 5870550, at *3-4 (E.D. Va. Nov. 22, 2011)............................................7

Public Citizen Health Research Grp. v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998).................................................................9

Rein v. U.S. Patent & Trademark Office, 553 F. 3d 353, 358 (4th Cir. 2009).................................................................................................5

Simmons v. Dep't of Justice, 796 F.2d 709, 710 (4th Cir. 1986).................5

U.S. v. Brian David Hill, Case No. 1:13CR435-1 ......................................3, 4

Weisberg v. Dep't Of Justice, 627 F.2d 365, 371 (D.C. Cir. 1980)..............9

**Federal Statutes**

28 U.S.C. § 1291................................................................................................2

5 U.S.C. § 552 ...................................................................................................1

## **STATEMENT OF JURISDICTION**

In his *pro se* complaint (Dkt. 2), Appellant alleges that the Executive Office for United States Attorneys ("EOUSA") of the United States Department of Justice ("DOJ") failed to fulfill his Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request, both initially and on appeal, for all criminal "discovery packet" records concerning his prior criminal case in the Middle District of North Carolina.

Appellees received Appellant's First Request for Production of Documents and Things (Request for Production) with a response deadline of July 12, 2017. Appellees also received a First Set of Interrogatories (Interrogatories) from Appellant on June 21, 2017 with a response deadline of July 21, 2017.

On July 12, 2017, Appellees filed a Motion to Quash the Appellant's Discovery Requests or, in the alternative, to Stay Discovery (Appellees' Motion) (Dkt. 28) because the requests were premature and exceeded the scope of discovery usually permitted at that stage of a FOIA case.

Magistrate Judge Robert S. Ballou entered an order on July 19, 2017 (Dkt. 32) granting the Appellees' Motion (Dkt. 28) and denying the Appellant's (1) Motion Under Rule 45 Asking the Clerk to Subpoena

1

Attorney John Scott Coalter for Discovery and to Prove the actual Matter Under Complaint; (Dkt. 4) (2) Motion for Issuance of Subpoenas to Produce Documents and Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action; (Dkt. 19) (3) Proposed Subpoena to Town of Mayodan Police Department (Dkt. 20); and (4) Motion Requesting Pretrial Status Conference for Discovery Matter (Dkt. 27).

Appellant filed a Notice of Interlocutory Appeal on July 24, 2017 (Dkt. 33), and filed a Motion to Reconsider the Magistrate Judge's Order (Dkt. 37) on August 1, 2017. The District Court denied that Motion in an Order entered on August 22, 2017 (Dkt. 38).

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## ISSUES PRESENTED

I. DID THE MAGISTRATE JUDGE ERR IN DENYING A PRETRIAL STATUS CONFERENCE?

II. DID THE MAGISTRATE JUDGE ERR IN GRANTING APPELLEES' MOTION TO QUASH WITHOUT REVIEWING APPEALLANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES?

III. DID THE MAGISTRATE JUDGE ERR IN GRANTING APPELLEES' MOTION TO QUASH BEFORE THE

**APPELLEES HAD AN OPPORTUNITY TO FILE A REPLY BRIEF?**

IV. **DID THE MAGISTRATE JUDGE ERR IN FAILING TO STATE A BASIS FOR GRANTING THE APPELLEES' MOTION TO QUASH?**

## STATEMENT OF THE CASE

Appellant, Brian D. Hill, was convicted in the United States District Court for the Middle District of North Carolina of possession of child pornography. See U.S. v. Brian David Hill, Case No. 1:13CR435-1. He is seeking to have his conviction set aside because he claims he is innocent.

In an effort to gather evidence to prove his "actual innocence," Appellant served two (2) Freedom of Information Act ("FOIA") requests upon Appellees requesting copies of his "discovery packet," i.e., the criminal discovery provided to Appellant's criminal defense attorneys by the United States Attorney's Office for the Middle District of North Carolina. Dissatisfied with his FOIA response, Appellant filed an action in the Western District of Virginia challenging the Appellees' response to his FOIA requests.

3

Appellant filed several Motions Requesting Subpoenas *duces tecum* as well as subpoenas requesting several people to appear and testify at a hearing or trial (Dkt. 4, 19, 20, 27). In addition, Appellant served Appellees with a Request for Production of Documents and a Set of Interrogatories. Appellees then filed a Motion to Quash Discovery, or in the alternative, to Stay Discovery (Dkt. 28).

On July 19, 2017, Magistrate Judge Ballou entered an order granting the Appellees' Motion and denying several of the Appellant's motions as described above. (Dkt. 32). Appellant then filed a Notice of Interlocutory Appeal of Magistrate Judge Ballou's July 19, 2017 order (Dkt. 33).

## STATEMENT OF FACTS

Appellant was convicted in the United States District Court for the Middle District of North Carolina of possession of child pornography. See U.S. v. Brian David Hill, Case No. 1:13CR435-1. He is seeking to have his conviction set aside because he claims he is innocent. Appellant confessed to the possession of child pornography and entered a guilty plea in his criminal case, but now claims that his confession was coerced.

Appellant made two (2) FOIA requests to the Appellees seeking his criminal "discovery packet." He filed this FOIA action because he was dissatisfied with his FOIA response.

## SUMMARY OF ARGUMENT

The magistrate judge properly granted the Appellees' Motion (Dkt. 28) because discovery is the exception, not the rule, in FOIA cases. In addition, when discovery is sought in a case brought under FOIA prior to the time the government moves for summary judgment and submits its supporting affidavits and memorandum of law, the court should deny the request as premature.

## ARGUMENT

### A.  STANDARD OF REVIEW

The standard of review in FOIA cases is limited to determining "whether (1) the district court had an adequate factual basis for the decision rendered and (2) whether upon this basis the decision reached is clearly erroneous." Rein v. U.S. Patent & Trademark Office, 553 F. 3d 353, 358 (4th Cir. 2009) citing to Spannaus v. Dep't of Justice, 813 F.2d 1285, 1288 (4th Cir. 1987) (internal quotation marks omitted). Legal

5

errors are reviewed *de novo*.  <u>Simmons v. Dep't of Justice</u>, 796 F.2d 709, 710 (4th Cir. 1986).

### B.  THE MAGISTRATE JUDGE DID NOT ERR IN DENYING A PRETRIAL CONFERENCE.

The magistrate judge properly denied a pretrial conference.  The Pretrial Order (Dkt. 11) entered by the court on June 9, 2017, states that the "[p]arties shall submit a status report in the form of a letter, setting forth any pretrial matters which need to be taken up with the court no later than 60 days prior to trial.  A pretrial conference will be scheduled at the request of any party."

The pretrial conference referenced in the Pretrial Order (Dkt. 11) refers to a conference closer to trial to handle any outstanding issues or matters that the court must resolve prior to trial.  The Pretrial Order has a discovery section that outlines the discovery process and deadlines.  This section states that all pretrial discovery motions and issues are referred to Magistrate Judge Ballou.  It does not state that a hearing or conference will be scheduled for all such motions and issues.

6

### C. THE MAGISTRATE JUDGE DID NOT ERR IN GRANTING APPELLEES' MOTION TO QUASH WITHOUT REVIEWING APPEALLANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES.

The magistrate judge did not need to examine the contents of the Request for Production of Documents and Interrogatories in order to grant the Appellees' Motion.

Discovery is the exception, not the rule, in FOIA cases. See, e.g., Heily v. Dep't of Commerce, 69 F. App'x 171, 174 (4th Cir. 2003) (per curiam) ("It is well-established that discovery may be greatly restricted in FOIA cases.")

When discovery is sought prior to the time the government moves for summary judgment and submits its supporting affidavits and memorandum of law, courts will frequently deny the request or grant a protective order staying discovery on the grounds that it is premature. See, e.g., Mullen v. U.S. Army Crim. Investigation Command, No. 10-262, 2011 WL 5870550, at *3-4 (E.D. Va. Nov. 22, 2011) (vacating court's previous scheduling order with respect to discovery and allowing government to first file its motion for summary judgment); Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in

7

litigation of this kind . . . to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.").

The magistrate judge did not need to know the exact content of the Appellant's Request for Production of Documents or his Interrogatories because the requests were premature and any type of discovery is the exception, not the rule, in FOIA cases. Therefore, the magistrate judge did not err in granting the Appellees' Motion.

### D. THE MAGISTRATE JUDGE DID NOT ERR IN GRANTING APPELLEES' MOTION TO QUASH BEFORE THE APPELLEES HAD AN OPPORTUNITY TO FILE A REPLY BRIEF.

The Appellees have no objection to the court entering an order granting Appellees' Motion and were not harmed by the timing of the court's order since their motion was granted. It certainly was not an error for the magistrate judge to grant the Appellees' Motion at the time the order was entered.

### E. THE MAGISTRATE JUDGE DID NOT ERR IN FAILING TO STATE A BASIS FOR GRANTING THE APPELLEES' MOTION TO QUASH.

The magistrate judge did state the basis for granting the Appellees' Motion. In his order, the magistrate judge said the Appellant failed to demonstrate that the requested records and testimony were relevant to his FOIA claim that the Appellees improperly withheld documents and recordings related to his criminal conviction.

In addition, the court stated that discovery in FOIA cases is generally limited to the scope of the governmental agency's search and its indexing and classification procedures. See Weisberg v. Dep't Of Justice, 627 F.2d 365, 371 (D.C. Cir. 1980); see also Public Citizen Health Research Grp. v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998) (holding that discovery is limited to investigating the scope of agency's search for responsive documents, the agency's indexing, and the like); Heily v. U.S. Dep't of Commerce, 69 F. App'x 171, 174 (4th Cir. 2003).

Further, the court stated that discovery is not permitted in FOIA cases when a plaintiff seeks "to obtain through discovery the very same information he sought to obtain by virtue of his FOIA request, namely substantive information" related to his earlier trial. Johnson v. DOJ, No.

9

06-1248, 2007 U.S. Dist. LEXIS 57963, at *4 (W.D. Wis. Aug. 8, 2007). The court further held that the Appellant's efforts in this action are an attempt to obtain under the guise of discovery through the Federal Rules of Civil Procedure those documents he claims were withheld during his FOIA request. The magistrate judge said that particular discovery purpose is not sanctioned in this case.

## CONCLUSION

For all the reasons stated above, Magistrate Judge Ballou's order should be affirmed.

## REQUEST FOR ORAL ARGUMENT

Oral argument is not necessary because the legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.

This the 29th day of August, 2017.

                                             Respectfully submitted,

                                             RICK A. MOUNTCASTLE
                                             Acting United States Attorney

                                             /s/ Cheryl T. Sloan
                                             Cheryl T. Sloan
                                             NCSB #12557
                                             Special Assistant U.S. Attorney

Western District of Virginia
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
(336)333-5351
cheryl.sloan@usdoj.gov

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
Effective 12/01/2016

No. _____    Caption: _____

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

> **Type-Volume Limit for Briefs:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

> **Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

> **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ ]    this brief or other document contains _____ [*state number of*] words

    [ ]    this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

    [ ]    this brief or other document has been prepared in a proportionally spaced typeface using
        _____ [*identify word processing program*] in
        _____ [*identify font size and type style*]; **or**

    [ ]    this brief or other document has been prepared in a monospaced typeface using
        _____ [*identify word processing program*] in
        _____ [*identify font size and type style*].

(s)_____

Party Name_____

Dated:_____

11/14/2016 SCC

## CERTIFICATE OF SERVICE

I certify that on August 29th, 2017, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Brian David Hill
310 Forest Street, Apartment 2
Martinsville, VA  24112

                    Respectfully submitted,

                    RICK A. MOUNTCASTLE
                    Acting United States Attorney

                    /s/ Cheryl T. Sloan
                    Cheryl T. Sloan
                    NCSB #12557
                    Special Assistant U.S. Attorney
                    Western District of Virginia
                    101 S. Edgeworth St., 4th Floor
                    Greensboro, NC 27401
                    (336)333-5351
                    cheryl.sloan@usdoj.gov