In the

United States Court of Appeals

for the Fourth Circuit

No. 17-1866

BRIAN DAVID HILL

Plaintiff-Appellant

v.

Executive Office for United States Attorneys (EOUSA)
and United States Department of Justice (U.S. DOJ),
Defendants'-Appellees'

Appeal from the U.S. District Court

for the Western District of Virginia at Danville

The Honorable Robert S. Ballou, Magistrate Judge

4:17-cv-00027

INFORMAL REPLY BRIEF
OF APPELLANT Brian D. Hill

Brian D. Hill ( Pro Se )
310 Forest Street, Apartment 2
Martinsville, VA 24112
Phone: (276) 790-3505

Date: August 30, 2017

## Table of Contents

TABLE OF AUTHORITIES ...................................................................3

STATEMENT OF JURISDICTION.................................................4

STATEMENT OF THE ISSUES........................................................7

STATEMENT OF THE CASE...........................................................7

STATEMENT OF FACTS ...............................................................10

ARGUMENT .....................................................................................12

CONCLUSION..................................................................................20

REQUEST FOR ORAL ARGUMENTS ........................................21

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)................22

CERTIFICATE OF SERVICE ........................................................23

## TABLE OF AUTHORITIES

**FEDERAL CASES**

United States of America v. Brian David Hill, Case No. 1:13-CR-435-1 ........ 10, 11

**U.S. CONSTITUTION**

14th Amendment of the United States Constitution, Bill of Rights ........................39

**FEDERAL CASES IN SUPREME COURT**

Giglio v. United States, 405 U.S. 150 (1972) ............................................................5
John L. BRADY, Petitioner, v. STATE OF MARYLAND. No. 490. Argued:
    March 18 and 19, 1963.  Decided: May 13, 1963 ................................................5
Strickland v. Washington, 466 U.S. 668 (1984) .......................................................5

## STATEMENT OF JURISDICTION

In Appellant's pro se complaint (Document #2), Appellant alleges that the
Executive Office for United States Attorneys ("EOUSA") of the United States
Department of Justice ("U.S. DOJ") (collectively known as the "Appellees'" or
"Government" or "U.S. Attorney") failed to fulfill his Freedom of Information Act
("FOIA"), 5 U.S.C. § 552, request, both initially and on appeal, for all criminal
"discovery packet" records concerning his prior criminal case in the Middle
District of North Carolina. This case was filed under both the Freedom of
Information Act ("FOIA"), 5 U.S.C. § 552, and under the Fourteenth Amendment
of the United States Constitution, in its Bill of Rights. Citing Brady v. Maryland
giving a criminal Defendant a right to make a written request to the "prosecuting
Attorney" for the discovery evidence used in the criminal case, in this particular
case the "Office of the U.S. Attorney" for the "Middle District of North Carolina".
The Appellant has correctly, and under Oath (penalty of perjury under 28 U.S.C.
§1746), has demonstrated that (1) he was deprived of his Brady rights (Giglio v.
United States, 405 U.S. 150 (1972); John L. BRADY, Petitioner, v. STATE OF
MARYLAND. No. 490. Argued: March 18 and 19, 1963.  Decided: May 13,
1963) due to ineffective assistance of Counsel (Strickland v. Washington, 466 U.S.
668 (1984)). (2) That his court appointed Counsel John Scott Coalter of
Greensboro, North Carolina, has threatened to spoliation of evidence the entire
discovery packet which harms the Appellant in such a way as to deprive him of all
means to be able to prove factual innocence to be able to prove "actual innocence".
That the Appellant had requested a copy of his discovery packet, via the FOIA,
that he was supposed to have been entitled to before his false plea of guilty, and
has still suffered, till this day, a miscarriage of justice. The miscarriage of justice

4

has caused a lot of harm and injustices. The Appellant has asserted his
Constitutional right under Brady v. Maryland, because he has demonstrated good
cause as to why he needs his discovery packet to review over before proceeding
with his Section 2255 motion on the claim of action innocence which is the factual
claim of innocence. The U.S. Attorney is refusing to disclose all of the discovery
material, that was originally given to Appellant's court appointed lawyers whom
both refused to prove the actual innocence of the Plaintiff while John Scott Coalter
has threatened to go farther and destroy the discovery packet that Appellant was
originally entitled to. Plaintiff reported that he had only been given a portion of
what was originally requested via the FOIA.

Appellees' received Appellant's First Request for Production of Documents and
Things (Request for Production) with a response deadline of July 12, 2017.
Appellees also received a First Set of Interrogatories (Interrogatories) from
Appellant on June 21, 2017 with a response deadline of July 21, 2017. On July 12,
2017, Appellees filed a Motion to Quash the Appellant's Discovery Requests or, in
the alternative, to Stay Discovery (Appellees' Motion) (Document #28).

Appellant filed an opposing brief to Movant's motion on July 17, 2017 (Document
#31) but was entered on July 19, 2017. The opposing brief was filed 5 days after
the Movant's motion and supporting brief was entered and filed. It was entered two
days after due to an internal issue at the Clerk's office.

On the same day that the opposing brief was entered by the Clerk, with virtually
little to no time at all to review over the opposing brief before entering the order,
Magistrate Judge Robert S. Ballou entered an order on July 19, 2017 (Document
32) granting the Appellees' Motion (Document 28) and denying the Appellant's
(1) Motion Under Rule 45 Asking the Clerk to Subpoena Attorney John Scott
Coalter for Discovery and to Prove the actual Matter Under Complaint; (Document

4) (2) Motion for Issuance of Subpoenas to Produce Documents and Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action; (Document 19) (3) Proposed Subpoena to Town of Mayodan Police Department (Document 20); and (4) Motion Requesting Pretrial Status Conference for Discovery Matter (Document 27).

Appellant filed a Notice of Interlocutory Appeal on July 24, 2017 (Document 33), and filed a Motion to Reconsider the Magistrate Judge's Order (Document 37) on August 1, 2017. The District Court denied that Motion in an Order entered on August 22, 2017 (Document 38). The reason why the District Court denied the "Motion to Reconsider the Magistrate Judge's Order" (Document 37) was due to the District Court not having authority and power at that time to exercise its power to grant relief to the Appellant-Plaintiff while it is under the "interlocutory appeal phase" The Defendants' Attorney, Cheryl Thornton Sloan, failed to mention why the "Motion to Reconsider the Magistrate Judge's Order" (Document 37) had been originally denied. It wouldn't have been denied if the Appellant-Plaintiff had decided not to appeal the matter, but the Appellant-Plaintiff feels that the Appeal is important because it raises substantial Constitutional and legal issues concerning whether a criminal defendant still retains the right to write a written request to the prosecuting Attorney asking for the original discovery packet of what was used to indict and convict the criminal defendant, and whether the Freedom of Information Act ("FOIA") can be used as a vehicle under the 14th Amendment of the U.S. Constitution to compel the government to provide the criminal defendant another opportunity to inspect, photograph, or copy any discovery material of the criminal case when was never provided an opportunity to do so prior to entering a false plea of guilty due to ineffective Counsel.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

6

## STATEMENT OF THE ISSUES

### I. DID THE MAGISTRATE JUDGE ERR IN DENYING A PRETRIAL STATUS CONFERENCE?

### II. DID THE MAGISTRATE JUDGE ERR IN GRANTING APPELLEES' MOTION TO QUASH WITHOUT REVIEWING APPEALLANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES?

### III. DID THE MAGISTRATE JUDGE ERR IN GRANTING APPELLEES' MOTION TO QUASH BEFORE THE APPELLEES HAD AN OPPORTUNITY TO FILE A REPLY BRIEF?

### IV. DID THE MAGISTRATE JUDGE ERR IN FAILING TO STATE A BASIS FOR GRANTING THE APPELLEES' MOTION TO QUASH?

## STATEMENT OF THE CASE

Appellant, Brian D. Hill, was convicted in the United States District Court for the Middle District of North Carolina of possession of child pornography. See United States of America v. Brian David Hill, Case No. 1:13-CR-435-1. He is seeking to have his conviction overturned, and his sentence vacated, because he has claimed under Affidavit/Declaration that he is innocent, and has demonstrated reasonable questions as to why he believes he is innocent and needs access to the discovery material to prove any facts of innocence. One reasonable question was that he had made false confession statements. Another reasonable questions was that the North Carolina State Bureau of Investigation ("N.C. SBI") had written claims that are questionable when cross examined with the search warrant seizure date. It is reasonable to question the evidence when it has stated that "454 files has been downloaded with the eMule program between the dates July 20, 2012, and July 28, 2013", presumably they may be referring to suspected child pornography files. The

7

items were seized on August 28, 2012. So it is reasonable to file a FOIA request asking for the discovery to challenge why the Appellant-Plaintiff had been convicted of possession of child pornography, by twenty years in prison or by guilty plea agreement with the government, when the Appellant was never afforded access to the discovery packet to which he could have contested his guilty plea upon any factual matters put into serious question as to whether the government actually had enough evidence to convict the Plaintiff beyond a reasonable doubt, or whether the government had a weak case, and coerced the Plaintiff-Appellant using the time served sentence to cut off the Plaintiff's right to discovery in his criminal case. Well, first of all, in the case of United States of America v. Brian David Hill, Case No. 1:13-CR-435-1, the Plaintiff did not waive his Constitutional right to collateral attack under the Federal Writ of Habeas Corpus, and his Habeas Corpus has not been suspended when he files the 2255 Motion on the ground of actual innocence, which can only succeed when the Appellant-Plaintiff establishes enough facts of innocence to which upon a fact finder that no reasonable juror would find the Defendant guilty of the crime. The Appellant-Plaintiff is being blocked and not allowed to gather evidence nor is he allowed access to his discovery packet, which was given to his court appointed lawyer but the lawyer's own client was not permitted access to his own case discovery packet. Total violation of his Fourteenth Amendment rights under Brady v. Maryland and Giglio v. United States. That right there is a clear and convincing reason why the U.S. Court of Appeals should move to remand the case asking to reverse the decision of the Magistrate Judge and be provided with instructions by the Court of Appeals, as of is the matter of law, case law by the U.S. Supreme Court, the U.S. Constitution, factual evidence, and common sense.

To the Court of Appeals and Cheryl Thornton Sloan:

8

What is important? The Bill of Rights and our Constitution or taking away the American people's constitutional rights unjustly until we become far worse than Great Britain at the time of the American Revolution in 1776? Does FOIA trump our Constitution or is our Constitution the law of the land and our statutory laws cannot secede from our Constitutional clauses. That is the reason why the Constitution has to be amended to with support of at least 3/4th of the states concurring. The Constitution cannot be taken away by what laws are passed by Congress. Even if they can be regulated to a certain extent, they cannot be completely abridged, they cannot be completely subverted or taken away.

The Constitution was meant to protect all criminal Defendants, in all state and Federal courthouses, in Article III sanctioned Courts, of the right to confront the witnesses against them, of the right to compulsory process (subpoenas), of the right to access and to make a copy of the discovery material of what was originally used against them to avoid a trial by ambush, of the right to have effective assistance of trial counsel, of the right to notice and hearing and the right to the adversarial system.

If this Court decides that our Constitutional rights do not matter under FOIA, under the Section 2255 Motion or any action under a federal law, then this sets a very dangerous slippery slope towards total oppression, misery, suicide, and tyranny. It can be anybody's children, your children, anybody's children, will live in and face a cruel harsh world where anybody can be framed up, falsely accused of a crime and denied justice in any Court of law. It can be somebody we know, somebody that we care about whom can one day disappear from our lives, be rounded up by the U.S. Marshals or any federal officer, forced to appear before a tribunal and told that you have no

9

right to prove your innocence to the crime that you are charged under. A world like that would be detrimental to society, detrimental to confidence in our criminal justice system, detrimental to belief in our courts, detrimental to respect of authority, detrimental to our law enforcement and military veterans, and detrimental to our Great Country of the United States of America.

It can be any of your children that can be rounded up by Department of Homeland Security, U.S. Marshals, Federal Bureau of Investigation, Department of Justice, and any other federal agency with law enforcement powers. Anybody can be deprived of their Constitutional rights. We would be no different than North Korea, Communist China, Mexico, the old Soviet Union, so on and so forth. America will become no better than or even far worse than the Communist countries throughout history that have killed people, imprisoned, and tortured many. America having Constitutional rights and human rights was what made America a shining example throughout the world, made America a great place to legally immigrate to, a great place of opportunity, a great place of rights, a great place to have freedom of speech, so on and so forth.

Does a criminal defendant have a right to even file a written request for the discovery material for a Writ of Habeas Corpus matter via the Section 2255 motion?

## STATEMENT OF FACTS

Appellant was convicted in the United States District Court for the Middle District of North Carolina of possession of child pornography. See U.S. v. Brian David

Hill, Case No. 1:13-CR-435-1. He is seeking to have his conviction overturned or set aside because he had claimed since his guilty plea that he is innocent and has stated what he was able to see from the evidence on January 22, 2015, after his conviction. Appellant claimed that he was not allowed to review over his entire discovery packet of evidence for his criminal case by either his first court appointed lawyer Eric David Placke ("Mr. Placke") and neither of his second lawyer John Scott Coalter. Appellant filed evidence in his FOIA Appeal, and in this case that was demonstrating that Appellant's counsel Mr. Placke had deleted evidence email attachments and has shown a dissatisfaction for his court appointed lawyers. Appellant confessed to the possession of child pornography and entered a guilty plea in his criminal case, but claims that his confession was coerced.

The Government incorrectly stated in the record that "*but now claims that his confession was coerced.*" He has made such claims since his criminal case in US v. Brian David Hill. He has made such claims by filing pro se material with the U.S. District Court in the Middle District of North Carolina. On the record in this civil case, (See Document #27-2) there are various pro se filings that demonstrate that in 2015, the Appellant has attempted to challenge his guilty plea and has shown that his confession was coerced in 2014-2015. It is not some recent claim, but the same claim has been stated, over and over again, under Oath for a long time. One entry was "09/26/2014, 42, MOTION by BRIAN DAVID HILL to suppress Evidence & Suppress the Confession." (See Document 27-2, Page 7 of 14). The second entry that is on the docket sheet that was filed in this civil case was "09/02/2014, 27, MOTION filed by BRIAN DAVID HILL to Withdraw Guilty Plea" (See Document 27-2, Page 6 of 14). The high number of pro se filings when Appellant clearly had a court appointed lawyer, had a dissatisfaction with Counsel and that Counsel was clearly working against the best interests of the client. Appellant had

11

rebelled against his own defense attorney, and filing pro se motions on record such as "suppress Evidence & Suppress the Confession" and filing other motions clearly demonstrate that the Government isn't honest or isn't correct when stating that "*but now claims that his confession was coerced*." It is as if the Government is misinforming the Court of Appeals that his claim of confession being coerced was something that was just created out of the blue instead of an ongoing battle between the U.S. Attorney Office and the Appellant since 2014. Another entry that was filed on the docket sheet which was filed on-record for this civil case was "04/22/2015, 77, DECLARATION by BRIAN DAVID HILL on conditions at the times of false admissions of guilt. (Daniel, J) (Entered: 04/23/2015)" (See Document #27-2, Page 9 of 14). So the Appellant has made it clear to the Court and the Government since 2015 and 2014, that the Appellant had wanted to prove his actual innocence, and that the only way to do so is by challenging his confession to being false (false confession) or coerced (coercion), or both.

The Appellant has no need to argue the same arguments twice, as the Plaintiff does not need to be redundant.

## ARGUMENT

The government in their "RESPONSE BRIEF FOR APPELLEES" has made some clerical errors that need to be corrected (See Appeal Doc: 8, Appeal case: 17-1866, Filed: 08/29/2017).

> "In an effort to gather evidence to prove his "actual innocence," **Appellant served two (2) Freedom of Information Act ("FOIA") requests upon Appellees requesting copies of his "discovery packet**," i.e., the criminal discovery provided to Appellant's criminal defense attorneys by the United States Attorney's Office for the Middle District of North Carolina.

Dissatisfied with his FOIA response, Appellant filed an action in the Western District of Virginia challenging the Appellees' response to his FOIA requests." (Page 6 of 16, Paragraph 2)

Issue 1: "**Appellant served two (2) Freedom of Information Act ("FOIA") requests upon Appellees requesting copies of his "discovery packet"**

That is incorrect for what is on the record.

**Document #2, Page 8 of 21:** "18. On July 25, 2016, and August 29, 2016, plaintiff had filed two FOIA requests to EOUSA. The plaintiff did not intend for both FOIA requests to share a single FOIA request number, but the focus of this complaint will be on the FOIA request that was filed on August 29, 2016 (Citing Exhibit 7). That particular FOIA request was seeking "copies of my Discovery Packet of evidence pursuant to my Federal criminal case..."

The original complaint and what was on the record, showed that there were two separate FOIA requests. It did not state that both requests were filed for the same matter. The Government erred by stating wrongly what was on the record when the record shows something totally different from what the Government had claimed. The Appellant stated that "*The plaintiff did not intend for both FOIA requests to share a single FOIA request number.*" That means that the Appellant filed two FOIA requests intended for separate issues, but were lumped in together for a single FOIA request number. There is nothing in the record, nothing in that paragraph that supports the Government's argument that ," **Appellant served two (2) Freedom of Information Act ("FOIA") requests upon Appellees requesting copies of his "discovery packet**," or the Government did not clarify what was meant by that particular statement. Maybe the Appellant didn't clarify what he had meant by making that statement. Was the Government referring to the two FOIA

requests filed on the "July 25, 2016, and August 29, 2016"? Maybe the Government is arguing that the same FOIA request was filed at two different times? That should have been clarified better.

Next error in the Government's response brief:

> "Appellant filed several Motions Requesting Subpoenas duces tecum as well as subpoenas requesting several people to appear and testify at a hearing or trial (Dkt. 4, 19, 20, 27). In addition, Appellant served Appellees with a Request for Production of Documents and a Set of Interrogatories. Appellees then filed a Motion to Quash Discovery, or in the alternative, to Stay Discovery (Dkt. 28)." (Page 6 of 16, Paragraph 2) and "The magistrate judge did state the basis for granting the Appellees' Motion. In his order, the magistrate judge said the Appellant failed to demonstrate that the requested records and testimony were relevant to his FOIA claim that the Appellees improperly withheld documents and recordings related to his criminal conviction." (Page 12 of 16, Paragraph 2) (See Appeal Doc: 8, Appeal case: 17-1866, Filed: 08/29/2017)

The basis for granting the Government's motion to quash was entirely based upon the "Motions Requesting Subpoenas duces tecum as well as subpoenas requesting several people to appear and testify at a hearing or trial (Dkt. 4, 19, 20, 27)." However the Magistrate Judge's ORDER does not state anything in regards to the "Request for Production of Documents and a Set of Interrogatories". The entire basis for granting the motion to quash was based upon a different basis. The Court cannot make one claim of basis for an entirely different matter otherwise it misrepresents the appropriate reasons why motions are granted or denied. The Appellees' seem to be giving the impression that "Motions Requesting Subpoenas duces tecum" not having the appropriate reasons as to why they should legally be

14

granted, is the sole basis for granting the Government's motion to quash that said nothing about "subpoenas" in the entire brief in support of that motion. You can search up "subpoena" and find no such word in Document #29, "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY". So it only refers to the "Request for Production of Documents and a Set of Interrogatories". It only asks for the "Request for Production of Documents and a Set of Interrogatories" to be quashed or for stay of discovery. That motion does not discuss about subpoenas and does not argue anything about subpoenas. The Magistrate Judge's ORDER does mention almost entirely about subpoenas and is the sole focus of the ORDER.

The Magistrate Judge erred on the basis for GRANTING the "MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY" under Document #28. An incorrect basis, does not address the issue of the subpoenas separately from the "Request for Production of Documents and a Set of Interrogatories". It all got lumped in without even mentioning about the interrogatories and discovery request letter, and stated as reason to grant the Government's motion to quash. It is deceptive and misrepresents the ORDER and nature was to why the motion was even granted without stating anything in his ORDER in regards to the discovery request letter and interrogatories. There is just nothing behind the ORDER for granting the Government's MOTION by using the "Motions Requesting Subpoenas duces tecum" as a cover for granting the Government's motion which does not even mention anything about the "Motions Requesting Subpoenas duces tecum". The brief does not mention anything about "Motions Requesting Subpoenas duces tecum". A play on words, using one reason to grant the motion over an entirely different reason, even if both reasons are in the

15

same class, using the other reason for conducting a ruling on the reason not
discussed or argued in his order, not argued in the motion. It misrepresents the
intent and reason for the ORDER. If the Judge does not have to state a reason for
quashing the interrogatories and discovery request letter, then there is no case law,
no ruling with a substantial basis, no means to correct an invalid motion that was
filed, no means to understand why a Judge denied a particular motion. The
ORDER does not sound correct and needs to be corrected, and it contrary to our
Constitution, the law of the land, and contrary to Congress's intent for the Freedom
of Information Act ("FOIA") to hold the "Governors accountable to the
Governed." The criminal Defendant wants to hold the U.S. Attorney accountable
for wrongfully convicting him, forcing him on Federal Probation, forcing him to
endure a worthless Polygraph Test that gives false positives for anybody on the
Autism Spectrum Disorder, mandatory Sex Offender Registration, and other
horrors that the criminal Defendant had to endure due to a wrongful conviction and
malicious prosecution by a corrupt law violating U.S. Attorney Office that has
clearly used a false confession and a highly questionable forensic report to force a
criminal Defendant to falsely take the guilty plea agreement. The U.S. Attorney
has no right to prevent the criminal Defendant, which they victimized into
surrendering his right to a Trial, from trying to prove his innocence under the
adversarial system. A Trial by ambush if you will, against the Appellant-Plaintiff,
with the help of Federal Assistant Public Pretender (Not Defender) Eric David
Placke and court appointed liar John Scott Coalter whom are more allied with the
Federal Prosecution than they are with their own client. Regardless of whether or
not the Appellant-Plaintiff could prove defense Counsel colluded with the Federal
Prosecution, it is quite clear that both were ineffective and that Appellant-Plaintiff
is still entitled to his Brady rights (Giglio v. United States) and the right to review
over the Government's evidence to mount a successful actual innocence

16

affirmative defense under the claim of "Frame Up" and false confession caused by coercion.

Last issue to which Appellees' erred in their response brief was that:

> In addition, the court stated that discovery in FOIA cases is generally limited to the scope of the governmental agency's search and its indexing and classification procedures. See Weisberg v. Dep't Of Justice, 627 F.2d 365, 371 (D.C. Cir. 1980); see also Public Citizen Health Research Grp. v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998) (holding that discovery is limited to investigating the scope of agency's search for responsive documents, the agency's indexing, and the like); Heily v. U.S. Dep't of Commerce, 69 F. App'x 171, 174 (4th Cir. 2003).

Again, this civil case, the whole lawsuit complaint, the evidence filed with the lawsuit, and entire basis for the lawsuit isn't just entirely dependent on the **Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, but was also filed under the Fourteenth Amendment of the United States Constitution, in its Bill of Rights**.

None of the cases exclusively to FOIA lawsuits have attempted to assert both the FOIA and the 14th Amendment of the U.S. Constitution and cites case law to show that the Appellant has asserted his Constitutional right to his criminal case discovery packet and is using FOIA as a vehicle to get access to what he was Constitutionally entitled to since being indicted. The case law on FOIA restrictions on discovery, a portion or all cases cited by the Government may not even apply to the situation of this particular case regarding a criminal defendant suing for access to and be able to make a copy of or even inspect the discovery evidence, pursuant to Brady v. Maryland and Giglio v. United States.

The FOIA limited scope should not be used to oppress the rights of a criminal Defendant from pursuing a claim of factual innocence and provides a good enough

compelling reason for why a FOIA request was filed to try to prove the actual innocence by reviewing over the original evidence that was used against the criminal Defendant. Again, cases such as "Public Citizen Health Research Grp. v. Food & Drug Admin, 997 F. Supp. 56, 72 (D.D.C. 1998)" does not apply to the facts and circumstance of a criminal Defendant needing the discovery to try to prove factual innocence. This FOIA case is not the same as the others. This particular FOIA case is just asking for the criminal case discovery packet of evidence, and that such evidence is needed to prove factual innocence.

If the Government is not compelled by FOIA to produce the entire discovery packet of evidence that was originally used to indict and wrongfully convict the Appellant, then this sets a dangerous constitutional nightmare precedent for America where all whom were wrongfully convicted would not be allowed to prove actual innocence by not being allowed access to any or all of the discovery evidence that prosecutors use in criminal cases.

The U.S. Supreme Court has similarly stated that fair notice of what activity would be prohibited amount to a taking of liberty concerning all activity which lays within the fair notice. See *Johnson v. United States*, 135 S.Ct. 2551 (2015) that:

> Our cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender* v. *Lawson*, 461 U. S. 352, 357–358 (1983). The prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules

of law," and a statute that flouts it "violates the first essential of due process." *Connally* v. *General Constr. Co.*, 269 U. S. 385, 391 (1926).

## CONCLUSION

For all the reasons stated above, Magistrate Judge Ballou's order should not be affirmed. It is erroneous and contrary to law. Relief should be granted to protect, support, and enforce the rights of the U.S. Constitution guaranteed to criminal Defendants.

## REQUEST FOR ORAL ARGUMENTS

Appellant, again, respectfully requests that this Court hear oral argument.

This appeal raises serious Constitutional issues regarding

enumerated fundamental constitutional rights.

The Constitutional rights that are at issue here effect the life, liberty, and

property of the Appellant.

| Date of signing: | Respectfully submitted, |
|---|---|
| August 30, 2017 | *Brian D. Hill* Signed  Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, VA 24112<br>Phone #: (276) 790-3505 |

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
### Type-VOLUME LIMIT, Typeface Requirements, and Type Style Requirements

**Appellant hereby certifies that:**

1. This brief complies with the type-volume limitation of Fed. Rules. App. P. 32(a)(7)(B) because this reply brief does not exceed 6,500 words (specifically contains 5,312 words), excluding the parts of the brief exempted by Fed. Rules App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. Rules App. P. 32(a)(5) and the type style requirements of Fed. Rules App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

Respectfully submitted,

Brian D. Hill
Signed          Signed
Brian D. Hill (Pro Se)
310 Forest Street, Apartment 2
Martinsville, VA 24112
Phone #: (276) 790-3505



## CERTIFICATE OF SERVICE

Appellant hereby certifies that on August 30, 2017, service was made by mailing the original of the foregoing

INFORMAL REPLY BRIEF OF APPELLANT Brian D. Hill

by deposit in the United States Mail, Priority Mail, Postage prepaid under certified mail tracking no. 7017-1070-0000-3531-5976, on August 30, 2017 addressed to the Clerk of the Court in the U.S. Court of Appeals in the Fourth Circuit. Then Appellant requests that the Clerk of the Court shall have electronically filed the foregoing INFORMAL BRIEF OF APPELLANT using the CM/ECF system which will send notification of such filing to the following parties:

Cheryl Thornton Sloan
U.S. Attorney Office
Civil Case # 4:17-cv-00027, Appeal Case # 17-1866
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
cheryl.sloan@usdoj.gov

This is pursuant to Appellant's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases..."the Clerk shall serve process via CM/ECF to serve process with all parties.

| Date of signing: | Respectfully submitted, |
|---|---|
| *August 30, 2017* | *Brian D. Hill* Signed |
| | Signed |
| | Brian D. Hill (Pro Se) |
| | 310 Forest Street, Apartment 2 |
| | Martinsville, VA 24112 |
| | Phone #: (276) 790-3505 |

U.S.W.G.O.