In the

**United States Court of Appeals**

**for the Fourth Circuit**

---

## No. 17-1866

---

## BRIAN DAVID HILL

Plaintiff-Appellant

v.

**Executive Office for United States Attorneys (EOUSA)**
**and United States Department of Justice (U.S. DOJ),**

Defendants'-Appellees'

---

Appeal from the U.S. District Court

for the Western District of Virginia at Danville

**The Honorable Robert S. Ballou, Magistrate Judge**

**4:17-cv-00027**

---

## PETITION FOR REHEARING OR REHREAING EN BANC

---

**Brian D. Hill ( Pro Se )**
**310 Forest Street, Apartment 2**
**Martinsville, VA 24112**
**Phone: (276) 790-3505**

**Date: November 2, 2017**

**Table of Contents**

**TABLE OF AUTHORITIES**........................................................................ 3

**STATEMENT REQUIRED BY FEDERAL RULE OF APPELLATE PROCEDURE 35(b) AND FOURTH CIRCUIT LOCAL RULE 40(b)** ........... 4

**CONCLUSION** ............................................................................ 17

**CERTIFICATE OF SERVICE**......................................................... 18

2

# TABLE OF AUTHORITIES

**FEDERAL RULES**

Federal Rules of Criminal Procedure 16 and 26.2 .................................................... 6

**FEDERAL CASES IN THE SUPREME COURT**

Brady v. Maryland, 373 U.S.(1963) ...................................................................... 6

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), Page 337 U. S. 54511

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949),.................... 4

*Connally* v. *General Constr. Co.*, 269 U. S. 385, 391 (1926).................................... 11

Giglio v. United States, 405 U.S. 150 (1972) .......................................................... 6

*Johnson v. United States*, 135 S.Ct. 2551 (2015) ................................................... 11

*Kolender* v. *Lawson*, 461 U. S. 352, 357–358 (1983) ............................................. 11

**FEDERAL LAW**

18 U.S.C. § 3500 (the Jencks Act) ......................................................................... 6

**TITLE 18 - CRIMES AND CRIMINAL PROCEDURE; PART I – CRIMES; CHAPTER 73 - OBSTRUCTION OF JUSTICE; § 1519. Destruction, alteration, or falsification of records in Federal investigations and bankruptcy** ........................................................................................................ 9

## STATEMENT REQUIRED BY FEDERAL RULE OF APPELLATE PROCEDURE 35(b) AND FOURTH CIRCUIT LOCAL RULE 40(b)

This case presents exceptionally important issues concerning the scope of deprivation of Constitutional rights which will affect the final outcome of this civil case if appeal dismissed, which will further create and justify unconstitutional miscarriages of justice against an innocent man trying to prove his innocence..

Federal jurisdiction over constitutional rights that affect the entire outcome of this civil case. The Constitutional outcomes which are affected by this case are under the Fourteenth Amendment of the United States Constitution, concerning the procedural due process rights of all parties to a case. Appellant's right to Notice and Hearing was deprived due to the erroneous ruling of the Magistrate Judge which substantially effects the outcome of the entire civil case. The effects are that it sends a message to the Magistrate Judge that they can rule as erroneous and contrary to law as they please which may entirely and unconstitutionally deprive one or all parties to this case, and create unconstitutional miscarriages of justice.

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949), the U.S. Supreme Court recognized an exception to the finality requirement in appeals from federal district courts to federal courts of appeals "*in that small class [of cases] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be referred until the whole case is adjudicated.*" The Court applied an analogy to this doctrine in allowing *appellate review of a state court order under § 1257* in Local No. 438, Construction & General Laborers' Union v. Curry, 371 U.S. 542 (1963), and

4

Mercantile National Bank v. Langdeau, 371 U.S. 555 (1963).

Rehearing or rehearing en banc is warranted for several reasons.

First reason is that the Appeal was filed to request that the U.S. Court of Appeals enforce the case law of the U.S. Supreme Court and Appellate decisions involving the Constitutional rights that are afforded to both the Plaintiff-Appellant and the Defendants'-Appellees' of this case. The procedural due process Constitutional right of Notice and Hearing was denied to the Appellant as well as his right to conduct limited discovery as Judge Jackson Kiser had ruled in a previous ORDER prior to the U.S. Magistrate Judge's decision on the subpoenas, as well as the discovery request letter and Plaintiff's-Appellant's set of interrogatories. The entire discovery request was quashed without the Court ever reviewing over the discovery request letter and Plaintiff's-Appellant's first set of interrogatories, and without granting the request for a Notice and Hearing. The Appellant had formally requested a Notice and Hearing, prior to the decision but was ignored or deprived. The Appellant has been deprived of such due process that it will negatively and unconstitutionally affect the rest of the proceedings in this civil case which may unconstitutionally lead to a final judgment in favor of the Government aka the Defendants' in this case, which further creates the miscarriage of justice that a criminal Defendant (Plaintiff-Appellant) does not have a right under the U.S. Constitution and the Jencks's Act to the discovery material that was originally used to wrongfully convict the Plaintiff-Appellant and deprive the Appellant of all Constitutional rights except the right to take the guilty plea for a crime that he didn't do. This is a miscarriage of justice, and even MTV's Television show called "Unlocking the Truth" shows that criminal case discovery evidence is needed to proving the actual innocence of convicted offenders, to prove that they had never offended in the first place. The U.S. Court of Appeals has the

authority to rehear this case, to even hear this case, over the Constitutional protections that are supposed to be afforded to either the Appellant-Plaintiff or the Defendants'-Appellees'. Denial of any right to review the decision of a Magistrate Judge that ruled erroneously and made the ruling contrary to the law and the Constitution of the United States, as well as relevant case law involving the Constitutional protections afforded to all parties in a civil case, especially involving a criminal Defendant that is not wasting the Court's time but is trying to only prove his factual innocence by getting access to his criminal case discovery material pursuant to Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. § 3500 (the Jencks Act), Brady v. Maryland, 373 U.S.(1963), and Giglio v. United States, 405 U.S. 150 (1972), both cases that were before the Supreme Court. Deprivation of the Constitutional rights in Plaintiff's-Appellant's civil case will further construct an ongoing miscarriage or miscarriages of justice, further continuing for a years that an innocent man is forced against his will to register and re-register as a sexual offender aka a Sex Offender, when getting access to his entire discovery material, using the Freedom of Information Act ("FOIA") as a vehicle to recover his deprived Brady and Giglio due process rights that he should have been guaranteed prior to his false guilty plea. He has demonstrated factual evidence in his case that he has had ineffective Counsel as good cause as to why he should still be given his right to review, inspect, and make photocopies of all original discovery material that was originally used to indict him and was going to be used against him at a jury trial he wasn't going to win due to ineffective Counsel and unfair circumstances in his criminal case.

Second reason is that Plaintiff-Appellant has severe health issues such as Type 1 Brittle Diabetes and Autism Spectrum Disorder, and was documented by Dr. Andrew Maier as to having "depression with suicidal thoughts". Being further

deprived of all Constitutional rights which will further block and delay a criminal Defendant's formal; request for his entire criminal case discovery material furthers a miscarriage of justice and forces the criminal Defendant to further endure cruel and unusual punishment which has originally caused suicidal thoughts, the Government has essentially bullied and stonewalled the Appellant-Plaintiff. Depriving him of review and depriving him of Notice and Hearing in the trial court, even though a procedural due process protection, will negatively affect him emotionally, as well as continue the false evidence and false information filed on federal records that Plaintiff-Appellant is guilty of a crime that he did not do and could have clearly been proven factually innocent, but is being blocked from proving actual innocence by the U.S. Attorney, as well as John Scott Coalter whom was threatening to destroy Appellant's-Plaintiff's discovery, as well as turning away any private legal Counsel (referring to Declaration regarding attorney Emily Gladden) that Appellant's-Plaintiff's family had attempted to hire to take the discovery evidence away from the cruel and harsh attorney John Scott Coalter that is acting as an enemy (federal prosecutor) of the Appellant by refusing to turn over the discovery to the Appellant and refusing to give Appellant's criminal case discovery to even another attorney while claiming he can only give the discovery to attorneys. This further drives the Appellant-Plaintiff into the whole "depression suicidal thoughts" area feeling like he will be treated as bad as a pedophile and treated as if he were a child rapist for a crime that he did not commit because he was never given any opportunity to prove his innocence in the Middle District, U.S. District Court in North Carolina. Appellant-Plaintiff feels very strongly about proving his innocence, enough to consider making political enemies and risking his life to proving his innocence. If he is further deprived of his due process rights in this civil case, he will be further up a creek without a paddle, and the U.S. Attorney may actually get away with a federal crime, thus making Appellant a victim of an

7

ongoing federal crime that was committed against Plaintiff-Appellant and his family. That federal crime that Appellant is a victim of is obstruction of justice as documented since the complaint. Does the Court intent to further a miscarriage of justice by refusing to review over Constitutional matters in this civil case which can permanently affect the civil case to wrongfully create a future Judgment in favor of the Defendants' whom have presented absolutely NO evidence in defense to Appellant's allegations while Appellant has presented over 300-400 pages of evidence including physical evidence such as an audio disc and multiple video DVD discs. Appellant has presented so much evidence proving his case while the Government hasn't proven their side of the argument in a evidential factual matter, it seems wrong to rule that the Appellant has no right for an Appellate Court to review over his case and reassert his god given constitutional rights, the rights that are afforded to him as a law abiding citizen that is serving a sentence for a crime that he did not commit.

The Appellate Court can actually make a decision that can ensure that all parties are given a fair civil trial, that all procedural due process rights in civil cases are enforced and protected, that all parties may have the benefit of all of their Constitutional rights as protected by case law of the United States Supreme Court. Appellant cannot be further deprived of all of his Constitutional rights except to be treated like a pedophile, register as a sex offender, be forced at one point to take a polygraph test of which he reported to have passed, and be treated as if he were a pedophile child molesting wannabe for a crime that he would have been found innocent on had he been allowed to review over all of the discovery material of his criminal case. Both the prosecuting attorney and his own criminal case defense attorneys, because they were count appointed, have failed the Appellant-Plaintiff in his criminal case. This Court has the ability to make things right to ensure that the

8

Appellant-Plaintiff is given the right to file Notice and Hearing with the Magistrate Judge which affects the finality of this civil case. Being deprived of all Constitutional rights in this civil case ensures the wrongful Judgment against the Appellant-Plaintiff, and will make it impossible for the Appellant-Plaintiff to proving his factual innocence that should have been guaranteed to the Appellant-Plaintiff prior to his false plea of guilty upon promise that he would have a sentence of time served. It is not the time served that is at issue here, but (1) the wrongful forfeiture of Appellant's-Plaintiff's lawful computer DATA which was caused by the wrongful conviction of the Appellant-Plaintiff, (2) the mandatory sex offender registration of the Appellant-Plaintiff whom keeps asserting under Declaration/Affidavit that he is actually innocent, and (3) the mandatory sentence of Supervised Release to which restricts the Appellant-Plaintiff from being allowed to use the internet as well as losing his right to travel interstate.

He lost all of his Constitutional rights after his false guilty plea, because he was deprived of all rights prior to his guilty plea and would have lost the jury trial had he not falsely taken the guilty plea. The same situation cannot happen again in the Western District of Virginia. Appellant-Plaintiff should not be placed in the exact same circumstances to which further creates and justifies the obstruction of justice, as well as the miscarriages of justice.

The allegations in this civil case, demonstrate enough factual evidence that the Defendants' including the United States Attorney office for the Middle District of North Carolina may have covered up, concealed, or destroyed prosecution case files that continue the wrongful conviction and miscarriages of justice against Plaintiff-Appellant Brian David Hill. **Appellant is victim of this crime:**

**TITLE 18 - CRIMES AND CRIMINAL PROCEDURE; PART I – CRIMES; CHAPTER 73 - OBSTRUCTION OF JUSTICE; § 1519. Destruction, alteration, or falsification of records in Federal investigations and bankruptcy**

"*Whoever knowingly <u>alters, destroys, mutilates, conceals, covers up</u>, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be <u>fined under this title, imprisoned not more than 20 years, or both</u>.*"

(Added Pub. L. 107–204, title VIII, § 802(a), July 30, 2002, 116 Stat. 800.)

The Plaintiff-Appellant does not have the legal authority to criminally charge the Defendants', the U.S. Attorney, and neither of John Scott Coalter. The U.S. Attorney will never charge themselves for violating federal laws and depriving criminal defendants entirely of their Constitutional rights under the color of law. John Scott Coalter will never voluntarily give up the discovery to another lawyer and neither will he file an ethics complaint on himself to be removed as court appointed lawyer under the Criminal Justice Act ("CJA") on the federal payroll.

The Plaintiff-Appellant had no other alternative but to file a FOIA request asking for his entire discovery packet materials to which will aid him on a legitimate, not frivolous cause, of proving factual innocence. The Plaintiff-Appellant has only one shot at filing a § 2255 motion to vacate and attack his sentence, as well as requesting that the original criminal judgment be vacated for the Plaintiff-Appellant attempting to prove actual innocence. Without access to the discovery

10

materials of his criminal case, proving factual innocence will be impossible and further a miscarriage or miscarriages of justice against an innocent person.

<u>This Court should not send the wrong message to the U.S. District Court that they can rule always contrary to law and can rule erroneously which harms the Appellant-Plaintiff in such a way which may actually increase his risk of suicide and further bring depression to an already broken Appellant-Plaintiff that has been blocked from proving his actual innocence</u> since he was criminally charged on November 25, 2013, and an arrest warrant that had been issued the next day.

The issues raised in this interlocutory appeal affect the fairness and the entire outcome that is to come upon the final Judgment of that Court.

The U.S. Supreme Court has similarly stated that fair notice of what activity would be prohibited amount to a taking of liberty concerning all activity which lays within the fair notice. See *Johnson v. United States*, 135 S.Ct. 2551 (2015) that:

> <u>Our cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property</u> under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender* v. *Lawson*, 461 U. S. 352, 357–358 (1983). The prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law," and a statute that flouts it "violates the first essential of due process." *Connally* v. *General Constr. Co.*, 269 U. S. 385, 391 (1926).

**The Panel Decision Conflicts With a U.S. Supreme Court Decisions, Involves Questions of Exceptional Importance**

11

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), Page 337 U. S. 545:

APPEALABILITY

"*At the threshold, we are met with the question whether the District Court's order refusing to apply the statute was an appealable one. Title 28 U.S.C. § 1291, provides, as did its predecessors, for appeal only "from all final decisions of the district courts," except when direct appeal to this Court is provided. Section 1292 allows appeals also from certain interlocutory orders, decrees and judgments, not material to this case <u>except as they indicate the purpose to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties</u>. It is obvious that, if Congress had allowed appeals only from those final judgments which terminate an action, this order would not be appealable.*"

<u>**Appellant-Plaintiff invokes the finality exception**</u> under Title 28 U.S.C. § 1291

pursuant to Supreme Court case law decision under "**Cohen v. Beneficial Indus.**

**Loan Corp., 337 U.S. 541 (1949), Page 337 U. S. 545**".

Appellant-Plaintiff does have sufficient cause as to why the Magistrate Judge's

ORDER/decision does have a "final and irreparable effect on the rights of the

parties." It deprives all parties of Notice and Hearing and possibly other rights.

Deprives all parties of even the limited scope of discovery rights under the FOIA.

Deprives the Appellant-Plaintiff of further right to discovery when the Appellant-

Plaintiff can prove that the Government aka the Defendants'-Appellees' have

engaged in bad faith including lying and/or giving false facts. <u>Obstruction of</u>

<u>Justice is bad faith</u>. <u>Lying against the other party of any material fact is bad faith</u>

when presenting no evidence to appropriately prove that a material fact is not a

fact. The Appellant-Plaintiff has filed sufficient evidence with the U.S. District

Court, prior to the Magistrate Judge's order depriving all parties of discovery by quashing the discovery request and first set of interrogatories, depriving all parties of Notice and Hearing, and the repercussions were outlined in the Government's brief for the motion to quash, which the Magistrate Judge had wrongfully granted.

Under Document #29, in this civil case, for "UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH DISCOVERY REQUESTS, OR IN THE ALTERNATIVE, TO STAY DISCOVERY", they have brought up their intent that they may further deprive the Plaintiff-Appellant of procedural due process right of proving that the Defendants'-Appellees' deprived the Appellant-Plaintiff of all of his entitled Constitutional rights, privileges, and protections so that they could push for summary judgment when they said and I quote that (paragraph 6) "*When discovery is sought prior to the time the government moves for summary judgment and submits its supporting affidavits and memorandum of law, courts will frequently deny the request or grant a protective order staying discovery on the grounds that it is premature.*" In other words they can freely lie and make false facts in supporting Affidavits to further the obstruction of justice and fraud to prevent the Plaintiff-Appellant to ever be allowed to have access to the very evidence to prove factual innocence.

By dismissing the appeal, it sets the precedent that the U.S. Attorney can lie and make false facts in a future motion of Summary Judgment, or deprive the Plaintiff-

13

<u>Appellant of a fair civil trial which will cause the deprivation of the Appellant's-Plaintiff's ability to prove in trial court that the Defendants' obstructed justice</u> and deprived the Plaintiff-Appellant (criminal Defendant) further of his Constitutional right to discovery of criminal evidence for the purpose of post-conviction relief which may get an innocent man off of the Sex Offender Registry in the Commonwealth of Virginia. It is almost impossible for anybody to be removed from the Sex Offender registry unless being granted a U.S. Presidential pardon, if even granted in rare cases and may be none for sex offender cases, or overturns the conviction by proving factual innocence and makes a colorable showing of factual innocence to meet the burden of proof needed for a § 2255 motion in accordance with U.S. v. Massaro and other federal cases by the U.S. Supreme Court concerning a filing of a § 2255 motion outside of the statute of limitations on the ground of actual innocence to prevent a miscarriage of justice which deprives the Appellant-Plaintiff of life, liberty, property, and the pursuit of happiness. His happiness and freedom taken away from a man trying to prove his own factual innocence.

If the U.S. Government has been caught lying in Court documents/records, then if they get away with a Motion for Summary Judgment by the Appellate Court refusing to review over this interlocutory appeal, it will further legitimize possible criminal activities, worsen the suicidal thoughts of a false sex offender and

14

deteriorate his brittle health, and further miscarriages of justice for the sake of a corrupt U.S. Attorney office that doesn't care how many innocent men and women that they destroy and convict to advance the padded criminal statistics and make it appear as though they are/were tough on crime, and supporting the Prison Industrial Complex where inmates get paid change ($0.10 or even $0.25 per hour), yeah that's change we can believe in that Obama lied to the American people about.

If the U.S. Attorney Jeff Sessions is refusing to hold the Government accountable referring to the U.S. Attorney for the Middle District of North Carolina, for their crimes committed against the Plaintiff-Appellant (referring to the cover up and/or concealment of some of the prosecution records), then it is the job of the Plaintiff-Appellant to hold them accountable for the deprivation of Plaintiff's-Appellant's constitutional and other federally protected civil rights that can cause an innocent man to be removed from the Sex Offender Registry. This Court must not allow the Magistrate Judge to feel that he can deprive the Plaintiff-Appellant of all of his basic Constitutional rights in favor of the Government, when such deprivation is criminal, bad faith, and harmful in nature of this case.

The evidence submitted by the Plaintiff-Appellant, the correct case law and arguments by Plaintiff-Appellant, and the Constitutional rights at risk with this civil case, is sufficient to meet the exceptional circumstances required by "Cohen

15

v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), Page 337 U. S. 545" to consider reviewing over Plaintiff's-Appellant's interlocutory appeal which affects the outcome that may unfairly and unconstitutionally affect one or more parties.

# CONCLUSION

For all the reasons stated above, Magistrate Judge Ballou's order should not be affirmed. It is erroneous and contrary to law. Relief should be granted to protect, support, and enforce the rights of the U.S. Constitution guaranteed to criminal Defendants. The U.S. Court of Appeals should rehear the case as they do have authority to hear the case as stated in "Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), Page 337 U. S. 545" regarding an exception to the finality rule of Title 28 U.S.C. § 1291 and Section 1292.

The Magistrate Judge's decision will affect the entire civil case, as well as allow the Government to file a Motion for Summary Judgment and be allowed to lie in Court even further, which means that they can get away with covering up and concealing records which constitutes improper withholding of records under the Freedom of Information Act and obstruction of justice to protect the corrupt interests, especially when it directly concerns the right of a criminal Defendant to discovery under Brady v. Maryland and Giglio v. United States. All Appeal briefs should be reviewed and reheard, the Appellant-Plaintiff requests that the Appeal be reheard and rehearing should be granted, that an oral argument be scheduled, and that this Court should decide this appeal as soon as possible. Thank You!

| Date of signing: | Respectfully submitted, |
|---|---|
| *November 2, 2017* | *Brian D. Hill* Signed<br>Signed<br>Brian D. Hill (Pro Se)<br>310 Forest Street, Apartment 2<br>Martinsville, VA 24112<br>Phone #: (276) 790-3505<br>**U.S.W.G.O.** |

17

# CERTIFICATE OF SERVICE

**Appellant hereby certifies that on November 2, 2017, service was made by mailing the original of the foregoing**

**PETITION FOR REHEARING OR REHREAING EN BANC**

**by deposit in the United States Mail, Priority Mail, Postage prepaid under certified mail tracking no. 7016-3010-0000-7742-7012, on November 2, 2017 addressed to the Clerk of the Court in the U.S. Court of Appeals in the Fourth Circuit. Then Appellant requests that the Clerk of the Court shall have electronically filed the foregoing INFORMAL BRIEF OF APPELLANT using the CM/ECF system which will send notification of such filing to the following parties:**

**Cheryl Thornton Sloan**
**U.S. Attorney Office**
**Civil Case # 4:17-cv-00027, Appeal Case # 17-1866**
**101 South Edgeworth Street, 4th Floor, Greensboro, NC 27401**
**cheryl.sloan@usdoj.gov**

**This is pursuant to Appellant's "In forma Pauperis" ("IFP") status, 28 U.S.C. §1915(d) that "The officers of the court shall issue and serve all process, and perform all duties in such cases..."the Clerk shall serve process via CM/ECF to serve process with all parties.**

| Date of signing: | Respectfully submitted, |
|---|---|
| *November 2, 2017* | *Brian D. Hill*  Signed |
|  | Signed |
|  | Brian D. Hill (Pro Se) |
|  | 310 Forest Street, Apartment 2 |
|  | Martinsville, VA 24112 |
|  | Phone #: (276) 790-3505 |
|  | **U.S.W.G.O.** |

18

PRESS FIRMLY TO SEAL       PRESS FIRMLY TO SEAL




U.S. POSTAGE
PAID
MARTINSVILLE, VA
24112
NOV 28, 17
AMOUNT

**$10.00**

R2304N117627-10

1021      23219

**PRIO ★ MA**



CERTIFIED MAIL

7016 3010 0000 7742 7012

 DATE OF DELIVERY SPECIFIED*

 USPS TRACKING™ INCLUDED*

 INSURANCE INCLUDED*

 PICKUP AVAILABLE

     • **Domestic only**

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

FROM:  *Brian D. Hill* Signed

Brian D. Hill
310 Forest Street, Apt. 2
Martinsville, VA 24112

TO:

**ATTN: Clerk of the Court**
**U.S. Court of Appeals, 4th Circuit**
**1100 East Main Street, #501**
**Richmond, VA 23219**



P S 0 0 0 0 1 0 0 0 0 1 4

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


UNITED STATES
POSTAL SERVICE.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2015; All rights reserved.

This envelope is made from post-consumer waste. Please recycle - again.